A. H. COLQUITT, plaintiff in error *vs.* MERCER & DEGRAF-
FENREID, defendants in error.

1. The Act of 1869, authorizing attorneys to make oath to setting up
   issuable defenses to suits founded on contract, does not alter sections
   3410 and 3412 of the Code, requiring pleas to the jurisdiction to be
   pleaded in person, and to be sworn to by the defendant.
2. A plea to the jurisdiction may be filed at any time before the defend-
   ant has appeared and pleaded to the merits, and if he has filed a plea
   to the jurisdiction at the first term, which has been stricken because
   not sworn to, he may, if he has filed no plea to the merits, still file
   his plea to the jurisdiction. See LOCHRANE, Chief Justice, concurring.

Pleading. Attorneys. Constitutional law. Before Judge
HOPKINS. DeKalb Superior Court. March Term, 1871.

Mercer & DeGraffenreid sued Colquit in said county, upon
an open account. The cause was returnable to March term,
1870. The sheriff returned that he served Colquit by. leav-
ing a copy at his "dwelling house." Colquit's attorney
pleaded at March Term, 1870, that Colquit did not reside in
said county, but in Baker county, Georgia, and swore to the
plea. Plaintiff's counsel moved to strike the plea, because
it was not sworn to by the defendant. This was overruled.
On the trial the jury found that Colquit did not reside in De-
Kalb county. Plaintiffs moved for a new trial, upon the
ground that said ruling was wrong. The Court granted a
new trial, and upon a renewal of said motion, struck the
plea. This is assigned as error.

C. F. AKERS, for plaintiff in error. Attorney may swear
to "issuable defense;" Acts of 1869, page 131. Plea to
jurisdiction is issuable defense: 3 Bl. Com., 315; 1 Ch. on
Pl., 651.

L. J. WINN, for defendants. Plea to jurisdiction must be
sworn to by defendant: R. Code, secs. 3410, 3412. Appear-
ance waives jurisdiction: 1 Ch. on P., 444. Issuable plea
means plea to merits: 1 Ch. Pl. 511; 41 Ga. R. 410.

Colquitt *vs.* Mercer & DeGraffenreid.

McCay, Judge.

Was the plea to the jurisdiction properly filed ? The Code section 3410, provides that such a plea must be pleaded in person, and, by section 3412, it must be sworn to. The implication is almost irresistible that the oath must be by the party, and such has, without doubt, always been the practice in this State. It is, however, insisted that the Act of 1869 changes this practice, and that such a plea may now be sworn to by an attorney if the defendant is not a resident of the county where the suit is pending. That Act provides that in suits upon contracts, if the defendant is resident out of the county, " issuable " pleas may be sworn to by the attorney. Why not *all* pleas ? And why only in suits upon *contracts ?* Clearly, as it seems to us, with some special intent. The Constitution of 1868 provides that in suits upon contracts the Court shall give judgment without the intervention of a jury, where an issuable defense is not filed under oath : Con. Art. 5, par. 3. As this has been understood to apply to pending suits as well as to suits afterwards brought, it happened that defendants, who, since the bringing of the suit, had moved to other counties, were put to great inconvenience, and their pleas heretofore filed were dismissed for want of the affidavit. To remedy this evil in the main, the Act of 1869 was passed. Its whole language shows that it has reference to the cases arising under the provision of the Constitution to which we have referred.

What, then, is the meaning of this clause of the Constitution: " The Court shall render judgment without the verdict of a jury in all civil cases founded on contract, where an issuable defense is not filed under oath ?" It is a settled rule, in the construction of statutes, that technical words are to be understood in their technical sense. The phrase, "issuable defense," is a technical phrase. In the books upon pleading, it means a plea to the merits, properly setting forth a legal defense. It is specially contradistinguished from a

plea in abatement, or any plea going only to delay the case. And by using the words, *"contract"* and *"* issuable defense,*"* the implication clearly is defense to the *contract* or to *the merits.*

We must construe the Constitution in the light of the history of the subject. Previously, pleas in abatement had all to be sworn to: Code, 3404. But pleas to the merits needed not to be sworn to. A simple statement, in proper form, denying the right of the plaintiff to recover, for any reason, if it was not demurrable, required a jury to pass upon the issue thus presented. The result was delay. Even the general issue, which was considered pleaded, if the defendant answered at the first term, required a jury. Nay even in a suit on an account where the defendant was personally served, a judgment by default required a jury to pass upon the evidence the plaintiff presented: Code, 3405, 3406. The Constitution intended simply to change this, and to provide that, even in pleas to the merits, the verification should be required, or a jury trial should not be had.

Pleas in abatement, dilatory pleas, were not within the mischief, nor are they covered by the words "issuable defense." The law as to them stands as it did before.

It is true a plea in abatement is a plea, and if it be properly pleaded issues may be found on it. In the ordinary meaning of the word "plea," and of the word "issuable," such pleas may be called issuable pleas, but when these two words are used together, "issuable plea," or "issuable defense," they have a technical meaning to-wit: pleas to the merits. We conclude, therefore, that neither the Constitution of 1868, nor the Act of 1869 had any reference to pleas in abatement, which are not "defenses" to the contract. We feel the more disposed to affirm the judgment of the Court on this ground because there is nothing in the Act of 1869 relieving the defendant from pleading, *in person,* a plea to the jurisdiction which is the express requirement of section 3410 of the Code. The question of the residence of the party, and most pleas to

Colquitt *vs.* Mercer & DeGraffenreid.

the jurisdiction in this State turn on residence, is so much a matter of intention that there is great propriety in requiring the defendant to verify it by his own oath.

2. But we are of opinion that the defendant may yet, so far as appears from this record, put in his plea. It is true that the Code, section 3412, requires such a plea to be put in at the first term; but this is to be taken in connection with 3408 and 3409, and must mean if he pleads also to the merits, since it is expressly provided that he does not waive his plea unless he pleads to the merits without pleading also to the jurisdiction. The residence of the defendant in the county where the suit is brought is a *sine qua non* under the Constitution. It cannot even be waived so as to affect the rights of third persons: Code, 3408. And the defendant may deny it, even after judgment, if he had not waived it: Code, 3536. What the party may deny after judgment he surely may deny before judgment.

This plea by his attorney having been stricken, he has as yet pleaded nothing, and has not, therefore, waived the jurisdiction, and may now plead it in person and under his own oath.

Judgment affirmed.

LOCHRANE, Chief Justice, concurring.

I have some doubt in this case as to the ruling of the Court construing the Act of 1869. That Act declares "that from and after the passage of this Act, in all civil cases founded on contract, where there is an issuable defense, and where the defendant does not reside in the county in which suit is pending, it shall and may be lawful for the agent or attorney at law of such defendant to make oath to the plea, and the same shall be as good and sufficient as if made by the defendant himself."

The Constitution, section 5174, declares " the Court shall render judgment without the verdict of a jury in all civil

cases *founded on contract* when an issuable defense is not filed on oath."

The question is, whether the limitation in the Constitution applies to the Judge rendering judgment without a jury, or applies to the character of the issuable defense by limiting such defense to be a defense to the merits.

It strikes me that the limitation is on the Court. The language is, in any case, founded on contract, when no issuable defense has been filed on oath the Court will render judgment without a jury, just as if it say, in cases where an issuable defense is filed the Court will not render judgment without the intervention of a jury.

The only question, therefore, is : Is a plea to the jurisdiction an issuable defense ? No doubt about its being so. If it is, the Court cannot give judgment, and if it is an attorney may swear to it by the Act of 1869; for the Act is, where there is an issuable defense the attorney may swear to it.

But the construction placed upon the Constitution is, that it means an issuable defense to the contract; in other words, a plea to the merits, and an attorney, by the Act of 1869, may swear only to this " issuable defense."

It is not without doubt in my mind but that the *issuable defense*, contemplated by the Constitution, is any *issuable defense* which, when filed and verified, prevents the Courts rendering judgment, and the Act of 1869 authorizes the verification, by an attorney, of " an issuable defense." That a plea to the jurisdiction being a plea required by law to be pleaded in person, may, by this fact, not come within the spirit of the Constitution, strikes my mind with reasoning force, and, for this reason, while a plea to the jurisdiction is an issuable defense, and while attorneys may verify issuable defenses, and they have the same force as if done by the defendant in person by the Act of 1869; still, as this Court has decided it not to apply to cases of pleas to the jurisdiction, I concur in the judgment.