SCHMIDLAPP & COMPANY *vs.* LA CONFIANCE INSURANCE COMPANY *et al.*

A foreign insurance company did business in South Carolina and Florida, but none in Georgia, and had no agency in the latter state. An agent of the company resided in Georgia, who audited and approved claims arising in South Carolina and Florida, gave checks for amounts due on account thereof, and when in funds, sometimes paid them:

*Held*, that the courts of Georgia had no jurisdiction of the company; and upon the facts above stated, a garnishment served upon the agent residing in this state was properly discharged.

February 2, 1884.

Jurisdiction. Insurance. Corporations. Principal and Agent. Garnishment. Before Judge HAMMOND. Fulton Superior Court. April Term, 1883

Reported in the decision.

W. I. HEYWARD, for plaintiffs in error.

VAN EPPS, CALHOUN & KING; J. C. REED, for defendants.

HALL, Justice.

The plaintiffs sued out an attachment returnable to Fulton superior court against J. T. Seltzer & Co., upon the ground that they resided out of the state of Georgia, to-wit, in the state of South Carolina. This attachment was levied by serving J. Gadsden King, alleged to be the agent of La Confiance Insurance Company, of Paris, France, with a summons of garnishment. In answer to this summons, King denied that he was the agent of the Insurance Company, in the legal sense of that term; he stated that he acted as agent of the company for the states of South Carolina and Florida, but that the company transacted no business in the state of Georgia, and had no agency in the same; he admitted that he resided most usually in Atlanta, that he audited and approved claims against the company arising in South Carolina and Florida, gave checks for the amounts due on account thereof, and when in funds, sometimes paid them; and he submitted that the garnishee, La Confiance Insurance Company, was not within the jurisdiction of the court to which the attachment and garnishment were returnable, and prayed judgment as to this matter.

Not waiving this plea, but insisting on the same, he answered that the company was not indebted to, and had no funds or property in hand, in said state of Georgia, belonging to the defendants in attachment or either of them. Upon the coming in of this answer, the company, by its

counsel, moved to discharge it; the plaintiffs' counsel demurred to this motion, and insisted that the facts set forth in the garnishee's answer were not sufficient in law to authorize its discharge  Upon the issue thus formed, the superior court decided in favor of the motion, and ordered the said garnishee to be discharged, and this decision is assigned as error.

We are at a loss to see upon what legal ground a contrary decision could have been put.  The defendants in attachment could have maintained no suit  in our courts against the garnishee for any claim or demand it may have had against it.  This is a foreign corporation, and would be liable to attachment and garnishment, if it were "transacting business within this state," under the same rules and regulations as are prescribed by law in relation to issuing attachments and garnishments in other cases.  Code, §3281.  Service of ordinary process could be effected only by serving an officer or agent of the corporation, or by leaving the same at the place of transacting the usual and ordinary public business of the corporation, if any such place of business shall then be within the jurisdiction of the court in which said suit may be commenced.  Code, §3369.  The fact that the company's agent for other states happened to reside in Georgia, and occasionally approved, gave checks and paid claims for his principal, did not establish an agency of this French corporation in Georgia, and charge it with the transaction of business here; this agent's authority did not extend so far as to enable him to issue policies for it, or to make other contracts by which it would have been bound; he was authorized simply to audit claims growing out of policies and contracts made elsewhere and by a different class of agents.  The state pays its claims at remote commercial centres, as New York, or London, but no one would suppose that by so doing it established there an agency for the transaction of the ordinary business of its public treasury.  That the residence in our midst of an agent like Mr. King is not the

Schmidlapp & Company *vs.* La Confiance Insurance Company *et al.*

kind of agency contemplated by our law as sufficient to subject the corporation to a suit in our county, is perfectly plain from sundry other provisions of the Code, §2850 (a) to 2850 (j) both inclusive. An insurance agent is therein described as one who solicits insurance in behalf of foreign insurance companies, or takes or transmits an application for, or any policy to or from such company, for others than himself, or who advertises or otherwise gives notice that he will receive or transmit the same, or who shall receive or deliver a policy of insurance of such company, or who examines such policy, or examines or inspects any risk, or receives, collects or transmits any premium of insurance or makes or forwards any diagram of any building, or does or performs any other act or thing in the making or consummation of any contract of insurance for others than himself, with such company, or who shall examine into or adjust or aid in adjusting any losses for or in behalf of such company, whether these acts be done at the instance or request, or by the employment of the company, or by a broker or any other person. §2850 (h). And any of these acts done for or on behalf of the company, constitutes it a company "doing business in this state," and subjects it to the same taxes, state, county and municipal, as other insurance companies "doing business" therein by agent or otherwise. *Ib.*, §2850 (j).

This corporation, according to these provisions of law, is not "transacting" or "doing" business in this state, and is therefore not liable to attachment, garnishment or suit in its courts. 48 *Ga.*, 351; 60 *Ib.*, 310, and cases cited.

Judgment affirmed.