## LOWE *v.* ECHOLS & RICHARDS.

Where the plaintiff in an attachment case, conceiving that his declaration was insufficient to authorize the rendition in his favor of a general judgment against the defendant, voluntarily amended the declaration so as to make its sufficiency in this respect unequivocal, and thereupon the defendant, under leave of the court, filed a plea to the jurisdiction, to which no exception appears to have been taken, and the case proceeded to trial, it was error, after the rendition of a verdict in favor of the defendant sustaining the plea to the jurisdiction, to grant a new trial and strike this plea, on the ground that the plaintiff's declaration really needed no amendment, and that, consequently, allowing the defendant to file the plea to the jurisdiction was erroneous because it was offered too late.

December 2, 1895.

Attachment.   Before Judge Van Epps.   City court of Atlanta.   January term, 1895.

On September 2, 1893, Echols & Richards sued out an attachment in Fulton county against Mrs. A. J. Lowe, the affidavit in attachment alleging that she was indebted to them $400 principal, with interest at eight per cent. per annum from May 15, 1893, on $200, and interest from August 12, 1892, on $200 at eight per cent., and —— per cent. on the principal and interest for attorney's fees, and that "said Mrs. A. J. Lowe is actually removing without the limits of said county of Fulton."   The attachment bond was in the sum of $800.   Neither the attachment, bond, nor affidavit stated that Mrs. Lowe resided in or was a citizen of Fulton county.   The attachment was made returnable to the November term, 1893, of the city court of Atlanta.   On September 4, 1893, defendant gave bond and replevied the property attached.   On November 30, 1893, and during the first term of the court, plaintiffs filed their declaration and prayed for a "judgment for his. said debt and for the sale of the property levied upon as aforesaid, and that the proceeds arising from the sale be applied to the satisfaction and payment of said debt."   This declaration did not aver that Mrs. Lowe was of said county of Fulton or a citizen thereof.   At said first term L. R. Ray, as attorney for the defendant, marked his name on the docket opposite her name.   No defense in writing was filed to the suit at the first term.   The appearance docket was not called at that term.   At the March term, 1894, April 6, 1894, the court, at the instance of plaintiff's. counsel, gave judgment, as a case in default, against defendant and the sureties on her replevy bond.   The case was not then in default.   This was done without notice to defendant and before the case was reached in its order.   The court did not turn to the docket at or before the signing of said judgment.   Had he done so, the marking of the name of defendants' counsel

would have been discovered, and the court would have refused to sign judgment by default. The judgment was not entered upon the minutes, nor was the case stricken from the docket. On April 9, 1894, defendant filed her plea to the jurisdiction, "because at the time of the commencement of said suit, this defendant resided in the county of Harris in said State, and not in the county of Fulton, and the superior court of Harris county has jurisdiction of said case." On September 15, 1894, the case was called in its order and set for trial. At the trial plaintiff's counsel announced he had judgment, and it was so entered on the docket. On September 21, 1894, defendant filed her motion to set aside the judgment of April 6, 1894, on various grounds, but the only one pressed upon the attention of the court was: "Because said case was taken up out of its order on the docket, without notice to the defendant, and judgment rendered by the court, April 6, 1894, in the absence of defendant and her counsel, whose name was marked on the docket, when in its regular order said case would not have been reached by the court until September 15, 1894. The delay in filing this motion was caused from the fact that defendants had no legal notice of the rendition of said judgment until the same was called for trial on September 19, 1894, three days before the filing of this motion, when plaintiff's counsel stated in open court he had judgment." It was also alleged in the motion to set aside, that defendent had a good defense which was fully set forth in her plea to the jurisdiction; that said plea could not have been filed earlier, because she was seriously ill from December —, 1893, to April 7, 1894, and could give no attention to business; and that plaintiffs took the judgment against defendant and the sureties on her replevy bond without first recovering judgment in their attachment case as provided in §3319 of the code. The motion was granted on the ground that the case was not in default, but that the marking of the name of defendants' counsel to the bench docket was tantamount to

the filing of the plea of the general issue, and had the effect to carry the case to the jury.

The case coming on for trial on January 18, 1895; de-fendant moved to dismiss the attachment because the grounds were not sworn to positively, inasmuch as it did not appear from any of the papers in the case, the affidavit, bond, attachment or declaration, that defendant was at the time or ever had been a citizen of Fulton county; and be-cause there was nothing in the attachment papers from which the officer who issued the attachment could deter-mine what court or county he should make the same return-able to.    Defendant's counsel then presented a plea to the jurisdiction, which the court refused to entertain, on the ground that it came too late, a plea of the general issue having been filed at the first term and subsequently insisted on as such, and which had the effect to delay the case for a number of intervening terms.    Plaintiffs, by permission of the court, amended their attachment affidavit so as to make it read, "Mrs. A. J. Lowe of said county of Fulton." Plaintiffs were also allowed to amend their declaration in attachment, so as to broaden the prayer to the asking of a general judgment.    Defendant's counsel thereupon again presented their plea to the jurisdiction, and asked that it be entertained.    The court held that, plaintiffs having amended their declaration in a material part praying for a general judgment, whereas before only a judgment *in rem* was embraced in the prayer, the pleading rights of the de-fendant attached *de novo* in view of this amendment.

Defendant further moved to dismiss the attachment, be-cause the attachment bond was not in an amount at least double the debt sworn to.    This motion was overruled, and defendant excepted.

Under the instructions of the court, the jury found for defendant upon her plea to the jurisdiction; whereupon the court passed an order dismissing the case.    Plaintiffs moved for a new trial, to set aside the verdict, and to set

aside the judgment allowing the plea to the jurisdiction to
be made a part of the record. These motions were argued
and considered as one. The motion for new trial was
granted, as well as the motion to strike the plea; the court
holding that it was satisfied that it committed error in al-
lowing the plea to the jurisdiction to be filed, and conse-
quently erred in the procedure subsequent to the allowance
of that plea. The court states: "The reason for the pres-
ent decision is, that the prayer of the original declaration in
attachment was broad enough to include, without any
amendment, a claim for a general judgment, the words
being, 'Wherefore, your petitioner prays judgment for his
said debt, and,' etc. The amendment to the prayer offered
by the plaintiffs and allowed was purely formal, and in a
sense wholly surplusage. The court erred in holding that
the filing of this amendment opened the pleading rights *de
novo* to the defendant." To this decision defendant ex-
cepted. She also excepted because the court at the trial
dismissed her plea to the jurisdiction, filed April 9, 1894, on
the ground that it was not filed at the first term, that the
marking of her counsel's name upon the docket was an ap-
pearance and pleading to the merits; and she therefore ad-
mitted the jurisdiction of the court.

*Lavender R. Ray*, for plaintiff in error.
*Kontz & Conyers*, contra.

ATKINSON, Justice.

The official report states accurately the facts as they ap-
pear in the record, and therefore a restatement of them
here will not be necessary in the consideration of the ques-
tions made.

It will be seen that although an attachment had issued
upon the ground that "said Mrs. A. J. Lowe is actually re-
moving without the limits of said county of Fulton," there
was no averment either in the affidavit upon which such at-

tachment issued or in the declaration subsequently filed, nor any recital in the bond given or in the writ of attachment, suggesting either that the defendant was a citizen of Fulton county, or that the city court of Atlanta had jurisdiction of her person, or that for any other reason sufficient in law such attachment proceeding was properly returnable to that court.   Whether or not the case was in default, or whether the marking of defendant's counsel would be a sufficient appearance to prevent the case being in default, need not be considered, inasmuch as the court discharged the defendant's default, and permitted her to make a motion to dismiss the proceeding because it did not appear that the court had jurisdiction of the case, or of the defendant's person.    When this motion was made, it was met by an amendment of the affidavit in attachment, stating the residence of the defendant in the county of Fulton, and thereupon conferring upon the court jurisdiction of the cause. This fact being thereby for the first time issuably pleaded, the court did not err in permitting the defendant to file a plea to the jurisdiction.   The marking of defendant's counsel is not necessarily such a pleading to the merits as waives the question as to the jurisdiction of the court.   An appearance is necessary to a motion to dismiss the suit, and if made for that purpose, ought not to, and does not, so admit jurisdiction as to preclude the defendant from filing his defense in abatement.   *Potts* v. *Cox*, 67 *Ga*, 521, 526, 527.   Nor does the fact that upon such an appearance the court set aside a judgment by default erroneously rendered, make it a plea to the merits such as waives jurisdiction.   When the defendant answered by marking her counsel's name on the docket, she acquitted herself of all default.   An answer of that character may not be effective for all purposes, but it is sufficient to require the court at the trial to hear and determine motions which are predicated upon defects appearing upon the face of the pleadings, and the absence of an averment of jurisdiction is such a defect.   We do not think,

therefore, that when the court set aside the judgment by default, it thereby adjudged that the defendant could not be heard on the motion to dismiss for the want of jurisdiction; and when this motion was met by an amendment averring jurisdiction, the defendant should have been allowed to file a plea to the jurisdiction which answered this amendment.

The allowance of the amendment broadening the prayer of the attachment declaration so as to authorize the grant of a general judgment, might not have had the effect of opening the pleadings so as to admit the plea to the jurisdiction. Yet, the other amendment averring jurisdiction did have this effect; and although the trial judge may have put his judgment allowing the plea upon the first rather than upon the last mentioned amendment, we do not think that for this reason the defendant should be deprived of her right to make this defense. Both amendments were, according to the plaintiff, at the time they were offered substantial, and after a finding in favor of the defendant upon her plea to the jurisdiction, we think the court erred in setting aside the judgment and granting a new trial, upon the sole ground that the plaintiff's declaration was good without amendment, and that as a consequence the amendments offered were not sufficiently substantial to justify the allowance of the plea to the jurisdiction.

*Judgment reversed.*