ASSOCIATED PRESS *v.* UNITED PRESS.

1. While, as a general rule, a non-resident defendant in an attachment case, by appearing and pleading to the merits, submits himself to the jurisdiction of the court, yet where such a defendant, after having filed an answer to the plaintiff's petition, also at the same term files a demurrer thereto and obtains an order granting him leave to withdraw his answer and refile the same subject to such demurrer, it should be heard and determined just as though the defendant had appeared solely for the purpose of making and insisting upon his demurrer, and such an appearance does not give the court jurisdiction of the defendant's person.
2. A foreign corporation can not maintain in a court of this State, against another foreign corporation, an action begun by suing out an attachment which was never levied upon any property of the defendant and which the plaintiff had not sought to make effectual otherwise than by causing a summons of garnishment to be served upon a person not himself indebted to the defendant, but who was an agent of a third foreign corporation, a debtor of the defendant, not having an office or transacting any business in this State.

　　　　Argued January 20, — Decided April 11, 1898.

Attachment.　Before Judge Callaway.　Richmond superior court.　April term, 1897.

*F. H. Miller* and *W. K. Miller*, for plaintiff in error.
*Boykin Wright, J. R. Lamar* and *C. Henry Cohen*, contra.

LUMPKIN, P. J.　The United Press and the Associated Press are both corporations of the State of Illinois.　The former sued out against the latter, which had no office or place of doing business in this State, an attachment returnable to the October term, 1894, of the superior court of Richmond county, and caused a summons of garnishment to be served upon Patrick Walsh, as manager and treasurer of the Southern Associated Press, a corporation of the State of Alabama, which has no office in Georgia and does not transact any corporate business in this State.　The plaintiff filed its declaration August 1, 1894. Subsequently Walsh answered, admitting that the Southern Associated Press was indebted to the defendant in a stated sum. The defendant, on November 12, 1894, during the appearance term, filed an answer to the plaintiff's petition.　Afterwards, but before the end of that term, the defendant filed a motion to dismiss the attachment and the plaintiff's action, and also a demurrer to the petition, and on the same day obtained an

order granting it "leave to withdraw the plea filed November 12, 1894, and refile the same at this time, subject to the motion made to dismiss the attachment and demurrer to the declaration filed to-day." The plaintiff did not except to the granting of this order, but, at a subsequent term, when the case came on for trial, moved to vacate and set the same aside. This motion was overruled, and it does not appear that exception was taken to the court's action in refusing to grant it. Among other things, the defendant's motion to dismiss and its demurrer made and presented for determination the point that the plaintiff's action was not maintainable for the reasons, (1) that the courts of this State had no jurisdiction of the person of the defendant, it being a non-resident corporation having no office or place of doing business in Georgia; and, (2) that under the facts appearing upon the face of the plaintiff's pleadings, the garnishment did not authorize the retention of the case in court as a proceeding in rem. We do not deem it essential to deal with the other questions presented by the motion to dismiss and the demurrer. The court overruled the former, sustained portions of the latter, and, after allowing certain amendments to the plaintiff's petition, held that the case could proceed to a trial upon its merits. The defendant brings the case here for review, and insists that the court erred in giving to the case the direction above indicated.

1. If the defendant had stood upon its original answer, which was a plea to the merits, we are not prepared to say that, irrespective of whether or not the garnishment proceeding was valid, the case might not, upon the idea that the defendant had submitted itself to the jurisdiction of the court, have gone to trial for the purpose of enabling the plaintiff to obtain, by proving the allegations of its petition, a general judgment against the defendant. It is a well-settled rule, that a defendant may waive all right of objection relating to the question of jurisdiction as to person, and thus become bound by the judgment rendered. Counsel for the plaintiff below insisted that the defendant, by filing its answer, had made just such a waiver, and that it could not subsequently escape the consequences of having done so by withdrawing its answer. The position was,

that having voluntarily come into court and made its defense, the jurisdiction, for the purposes of this case, became irrevocably fixed. Granting that this would be so if the defendant had, without more, simply withdrawn its answer, the record discloses that something more was done. The evident purpose of the defendant in obtaining the order allowing the withdrawal of its answer was to place itself in the attitude of having appeared solely for the purpose of making and insisting upon its motion to dismiss and its demurrer. The language of this order granting leave to withdraw the answer and refile the same, "subject to the motion made to dismiss the attachment and demurrer to the declaration," could have no other sensible meaning than as just stated, and could not have been inserted in the order with any other end in view. To hold otherwise would simply be to attribute to the defendant's counsel and to the judge a purpose to indulge in an act of sheer nonsense. By applying for this order, counsel for the defendant directly invoked the ruling of the court upon the question whether, as matter of right, the defendant could withdraw its answer previously filed, and, by refiling the same subject to its demurrer and motion to dismiss, relieve itself of the consequences of any implied waiver of the jurisdiction of the court. Having obtained a favorable decision upon the legal question thus presented, the defendant was entitled to the benefit thereof, as the plaintiff practically acquiesced in the subsequent refusal of the court to revoke its ruling, by failing to take exception thereto in order that its correctness might be open to question upon a review of the case in this court.

Under the circumstances just detailed, the question of waiver had become entirely eliminated prior to the hearing which was had upon the motion to dismiss and the demurrer; and it having thus been finally determined that the defendant had a right to stand upon the same in defense to the action, it only remained to pass upon their legal sufficiency. We therefore hold that, in passing the order in question, the court adjudicated that the defendant would thereby be placed in the position it sought to occupy, viz., that of appearing exclusively for the purpose of interposing its contention that the court had no

jurisdiction to entertain the action.    Whether this adjudication was, or was not, erroneous, is not, as we have seen, a matter as to which the plaintiff can raise any question in this court. Having acquiesced in the ruling made by the court below in this regard, the plaintiff is bound thereby, as it became the law of this case.    Indeed, it would be improper for us to pass upon the correctness of the decision so rendered; for this is a question not presented for our determination.    Accordingly, we deal with the case as if counsel had, in the first instance, appeared solely for the purpose of urging the motion to dismiss and the demurrer filed by the defendant.    This motion, as already seen, related not only to the attachment, but also to the plaintiff's action.    It is settled that by such an appearance a defendant does not submit himself to the jurisdiction of the court for the purpose of a trial on the merits; nor does pleading to the merits admit jurisdiction, if at the same time exception thereto be taken.    Upon this point the case of *Cox* v. *Potts,* 67 *Ga.* 521, is controlling, and it has been cited approvingly in *Lowe* v. *Echols & Richards,* 98 *Ga.* 41, and in *Bailey* v. *Almand & George,* Ibid. 134.

2. The only remaining question to be noticed is, whether or not the garnishment authorized the retention of the case in court as a proceeding in rem.    There is abundant authority for the position that it did not.    It will have been observed that Mr. Walsh, the agent of the Southern Associated Press, which was an Alabama corporation having no office or place of doing business in Georgia, was not himself indebted to the defendant. The effort of the plaintiff, therefore, was to reach by the process of garnishment a foreign corporation against which the defendant could not itself have maintained a personal action in a court of this State.    This being so, we entertain no doubt that the garnishment was ineffectual to accomplish the purpose intended by suing it out.    It makes no difference that the Alabama corporation had an agent or an officer in the State of Georgia.    This fact alone was not sufficient to make the corporation itself subject to the garnishment, for "a foreign corporation being casually within the State, by the presence of an officer, can not be made to submit to the service of process of gar-

nishment. The court acquires no jurisdiction in such cases. The process of garnishment against a foreign corporation must issue where such corporation usually does business and has a resident officer or agent on whom service may be made; for in such instances only can a valid service be made." 2 Shinn on Attachment & Garnishment, § 493. "Furthermore, the fact that a foreign corporation has members or officers residing within the jurisdiction of the court, and that its books and records are kept there, will not render it liable as a garnishee. It must have goods, effects, or credits within the State or its indebtedness be payable within the State, for, according to the jurisdictional rule, the court will not otherwise acquire jurisdiction of the thing to be appropriated." Ibid. § 494. And in this connection see, also, Rood on Garnishment, §§ 239–241. What is said by these authors is well supported by the many authorities to which they refer. See also Good Hope Company v. Railway Barb Fencing Co., 22 Fed. R. 635; Golden v. Morning News, 42 Fed. R. 112. In the case last cited, the Circuit Court of the United States for the Eastern District of New York held that: "In an action by a resident of New York against a foreign corporation, which does not do business, or have office, agent, or property within the State of New York, service of process upon an officer of such corporation, while temporarily within the State, does not confer jurisdiction upon the State court from which process issued." This ruling was afterwards affirmed by the Supreme Court of the United States. 156 U. S. 518. The same principle was laid down in L. & N. R. R. Co. v. Dooley, 78 Ala. 524. See opinion delivered by Chief Justice Stone and authorities therein cited. The decision of this court in *Schmidlapp & Co.* v. *La Confiance Ins. Co.*, 71 *Ga.* 246, directly sustains the ruling now made; and see also *Bates & Co.* v. *Forsyth*, 69 *Ga.* 365; *Tim & Co.* v. *Franklin*, 87 *Ga.* 95; *Saffold* v. *Scottish American Co.*, 98 *Ga.* 787–788.

Our conclusion therefore is, that the trial judge erred in not dismissing the plaintiff's action.

*Judgment reversed. All concurring, except Cobb, J., absent.*