## GARNISHMENT OF A DEBT OWING BY A FOREIGN CORPORATION.

[Circuit Court of Cuyahoga County.]

RITER-CONLEY MANUFACTURING CO. v. JOHN MZIK.

Decided, November 11, 1901.

*Attachment and Garnishment—Where the Garnishee is a Foreign Corporation—And the Property Attached is a Debt—Owing to a Non-Resident Defendant—Situs of the Debt—Service Upon Agent of Corporation.*

1. Where a foreign corporation is prosecuting business in Ohio, and is capable of suing and being sued in the courts of this state, it is subject to garnishment in a case wherein an attachment may rightfully issue.
2. And the garnishment is not defeated by the fact that the property reached by the garnishee process is a debt owing by the garnishee to a non-resident.
3. Service upon a district manager constitutes a legal service, where it appears that the general manager, upon whom service was authorized, occupied the same office, and had knowledge of the service before the filing of the motion for the discharge of the attachment.

HALE, J.; CALDWELL, J., and MARVIN, J., concur.

Heard on error.

The defendant in error commenced an action in the court of common pleas against the plaintiff in error to recover compensation for injuries which he alleges were caused by the negligence of the plaintiff in error while in its employment. At the commencement of the action he procured an attachment to issue and garnishee process to be served upon the American Steel & Wire Company. The plaintiff in error is a Pennsylvania corporation having its domicile in that state. The garnishee, The American Wire & Steel Company, is a New Jersey corporation and domiciled in that state, but, by compliance with the laws of Ohio relating to foreign corporations, its business is prosecuted, in part, in this state. It has also appointed and keeps an agent in Ohio (see Sections 148c and 5046, Revised Statutes, upon

whom service of process in all legal proceedings can be made. The defendant in error is a resident of Ohio.

Before the garnishee had answered, a bond for the release of the property was given in accordance with the terms of Section 5545, Revised Statutes. That bond was not signed by the plaintiff in error.

It appears that the only property reached by the garnishee process, if any, was a debt owing by the garnishee to the plaintiff in error. Subsequently to the giving of the bond, a motion was made to discharge from the attachment the credit owing by the American Steel & Wire Company to the plaintiff in error. That motion reads:

"The defendant, The Riter-Conley Manufacturing Company, appears here for the purpose of this motion only and moves the court to discharge from the attachment in this case the credit owing to it by The American Steel & Wire Company sought to be attached herein, on the ground that this defendant is a non-resident of Ohio and The American Steel & Wire Company is likewise a non-resident of Ohio, and the credit sought to be attached beyond the jurisdiction of the court."

At the time the defendant in error sustained the injuries of which he complains, the plaintiff in error was constructing for The American Steel & Wire Company under contract a blast furnace in the city of Cleveland.

The motion to discharge the attached property was overruled, and error proceedings are now prosecuted to reverse that order of the court.

In support of the petition in error, it is argued that the courts of this state have no jurisdiction of property of any kind not within the state, and since the garnishee and its creditor both reside without the state the *situs* of the debt is without the state and not subject to the jurisdiction of the court in which the principal action is pending, and, therefore, the motion should have been sustained, and the court erred in deciding otherwise.

In proceedings by garnishment for the attachment of a debt, it may be conceded that a corporation non-resident of this state, exercising no corporate powers or franchise within the state

(and entirely non-resident) is not liable to garnishee process in an action by a resident of this state against a foreign corporation. *Reimers* v. *Seatco Mfg. Co.*, 70 Fed. Rep., 573 (37 U. S. App., 426); *Louisville R. R. Co.* v. *Dooley*, 78 Ala., 527; *The Alabama R. R. Co.* v. *Chumley*, 9 So. Rep., 286 (92 Ala., 317); *Everett* v. *Insurance Co.*, 4 Colo., 509; *National Bank* v. *Furtick*, 2 Mar. (Del.), 35; *Associated Press* v. *United Press*, 29 S. E. Rep., 869 (104 Ga., 51); *Illinois Central Ry. Co.* v. *Smith*, 12 So. Rep., 461 (70 Miss., 344; 19 L. R. A., 577; 35 Am. St. Rep., 651); *American Central Ins. Co.* v. *Hettler*, 56 N. W. Rep., 711 (37 Neb., 849); *Douglas* v. *Insurance Co.*, 33 N. E. Rep., 938 (138 N. Y., 209; 20 L. R. A., 119; 34 Am. St. Rep., 448); *Towle* v. *Wilder*, 57 Ver., 622; *Moraweitz* v. *Sun Ins. Office*, 71 N. W. Rep., 109 (96 Wis., 175; 65 Am. St. Rep., 43).

But if, as in this case, the garnishee is a foreign corporation, but by virtue of the statute of this state and by a compliance therewith is prosecuting its business within the state and is capable of suing and being sued in the courts of the state, it is subject to garnishee process in any action against its creditor in which an attachment may rightfully issue. See Sections 148c, 5046 and 5521, Revised Statutes; *Lancashire Ins. Co.* v. *Corbetts*, 46 N. E. Rep., 631 (165 Ill., 592; 36 L. R. A., 640; 56 Am. St. Rep., 275; *German Bank* v. *American Fire Ins. Co.*, 50 N. W. Rep., 53 (83 Iowa, 491; 32 Am. St. Rep., 316); *Nat. Fire Ins. Co.* v. *Chambers*, 32 Atl. Rep., 663 (53 N. J. Eq., 468); *Burlington Ry. Co.* v. *Thompson*, 1 Pac. Rep., 622 (31 Kas., 180; 47 Am. Rep., 497); *Railway Co.* v. *Barnhill*, 19 S. W. Rep., 21 (91 Tenn., 395; 30 Am. St. Rep., 889); *Cross* v. *Brown*, 33 Atl. Rep., 147 (19 R. I., 220); *Neufelder* v. *Insurance Co.*, 33 Pac. Rep., 870 (6 Wash., 336; 6 Am. St. Rep., 166; 22 L. R. A., 287).

The cases announcing a contrary doctrine hold that the *situs* of the debt is with the creditor and with his domicile, and if the creditor be a non-resident, the debt is not within the jurisdiction of the court.

This may be the rule where specific tangible property is sought by proceedings in garnishment, but does not apply by proceedings in garnishment for the attachment of a debt. The

law, we believe, to be correctly stated in 6 Thompson's Corporations, Section 870. Speaking of the jurisdiction to reach a debt due by one foreign corporation to another foreign corporation, he says:

"In so far as the proceeding involves a summons to the garnishee, requiring him to appear and answer, and provides for further proceedings against him upon his answer, or in default of his answer, which may result in a *judgment against him,* it is a proceeding *in personam.* Now, in so far as it is a proceeding *in personam* against the foreign corporation, no jurisdiction can be acquired unless the situation of the foreign corporation within a domestic state is such that an ordinary action *in personam* could be prosecuted against it in the domestic tribunal. It follows from these considerations that a foreign corporation which is *entirely non-resident,* is not subject to garnishment, and can not be made so, for the states have no power to extend their judicial process into other states; but if it is resident in the domestic state in such a sense as makes it amenable to the ordinary judicial process of such state, then it is amenable to process of garnishment, unless the statute governing the question is so framed as to exclude such a conclusion. There is certainly no principle of public policy or justice upon which an intention can be imputed to the Legislature to distinguish between actions brought directly against a foreign corporation for the recovery of a debt, and those in which they are indirectly brought before the court for the purpose of satisfying the demand of some third person."

In such case the garnishee can only be held to answer in the jurisdiction where proper service can be had upon him.

If, in this case, the *situs* of the debt alone governs and that is at the domicile of either the debtor or creditor, the debt is not within the jurisdiction of the court out of which the attachment issued.

That tangible property within the jurisdiction of the court, although in the custody of a non-resident corporation, may be reached in attachment and by garnishee process, is not disputed.

If The American Steel & Wire Company had under its control tangible property, it could in these proceedings be attached or reached by process of garnishment. In such case, the fact that both debtor and creditor are non-residents of the state would not prevent attachment proceedings. Instead of having in its

custody property, The American Steel & Wire Company is indebted to the plaintiff in error.

Indebtedness is a thing of substance and of value. It can be sold and assigned, its payment enforced by the creditor in an action in any court in whose jurisdiction legal service of process can be served on the debtor.

It is not controverted that the plaintiff in error could enforce its claim against The American Steel & Wire Company in the court from which this attachment issued. Then, for what reason can not this debt as well as tangible property of the plaintiff in error be reached by attachment? The right in respect to it can be enforced by the plaintiff in error in an action at law in the tribunals of this state. He may enforce its collection, receive payment in full and take the proceeds beyond the jurisdiction of the court.

We know of no good reason for denying the defendant in error the right to reach this claim, this property, by garnishment in attachment proceedings, nor for sustaining the plea of either the plaintiff in error or the garnishee that this property is not subject to attachment in this state.

The defendant in error, on the hearing, suggested that the trial court had no jurisdiction to entertain the motion to discharge this property after the giving of the release bond.

Coming to the conclusion we do upon the other proposition in the case, it is unnecessary to pass upon this claim.

It is suggested by counsel for plaintiff that no legal service was made upon the garnishee. The return of the sheriff reads:

"I served the foregoing on The American Steel & Wire Company, garnishee, by leaving a true and certified copy thereof, and also a notice to appear and answer as such garnishee in the Court of Common Pleas of Cuyahoga County, in the form provided by law, at the office, the usual place of business of said company, with J. H. Early, assistant district manager in charge thereof."

It appears from the bill of exceptions that Albert T. DeForest was the authorized agent of the garnishee upon whom legal service could be made within the state, and he was also the general manager of the corporation. J. H. Early was his as-

sistant, and both occupied the same office at the usual place of davit of Mr. DeForest, made part of the bill of exceptions, that the notice to the garnishee came to his possession and knowledge prior to the filing of this motion, and we are, therefore, of the business of the corporation. It further appears from the affi- opinion that the motion should not be sustained upon this ground.

Our conclusion is, that there was no error in overruling the motion to discharge from the attachment the debt due from The American Steel & Wire Company to the plaintiff in error, and the judgment of the court of common pleas is affirmed.

*Gilbert & Hills* and *J. H. Van Derveer,* for plaintiff in error.

*Noble, Pinney & Willard* and *H. F. Payer,* for defendant in error.