WHITE *et al. v.* NORTH GEORGIA ELECTRIC COMPANY.

ATKINSON, J. 1. The petition as amended seeks to cancel certain deeds as a cloud upon the plaintiff's title, and to enjoin the defendants from interfering with the plaintiff's possession. The title of the plaintiff is based upon a decree rendered in a different case upon a former occasion, in which White et al. were plaintiffs and Bleckley et al. defendants, and wherein, upon the cross-petition of Bleckley et al., the land was decreed to be their property, and White was perpetually enjoined from interfering with their possession. The plaintiff in the present suit claims under Bleckley et al., through a regular chain of title accompanied by more than seven years' possession; and it is alleged that the codefendants of White acquired their deeds from her with notice of and subject to the decree in the former case. The petition presented a cause of action for the cancellation of deeds as a cloud upon the plaintiff's title, and for an injunction against disturbing its possession. But the prayer to punish the defendants for contempt of court for violating the former decree is not germane to the present suit, and should have been stricken on special demurrer.

2. A plea to the jurisdiction, on the ground that the defendant is not suable in the county where the suit was filed, is a personal plea, and must be sworn to by the defendant who files it. *Colquitt* v. *DeGraffenreid,* 44 *Ga.* 432; *Akers* v. *High Company,* 122 *Ga.* 279 (50 S. E. 105); Civil Code (1910), §§ 5655, 5657. Accordingly, such a joint plea to the jurisdiction by several defendants is not properly verified when sworn to by only one of them.

(*a*) But where the plea to the jurisdiction was based upon the ground that not any of the defendants against whom substantial relief was prayed resided in the county where the suit was instituted, such plea being sworn to in person by one of the defendants alleged to reside in a different county from that in which the suit was brought, it was sufficient as to such defendant.

3. Ordinarily a plea to the jurisdiction must be filed at the first term; but if at a subsequent term the plaintiff so amends his petition as to render it open to such a plea for the first time, it may then be filed. See, in this connection, *Mott* v. *Hall,* 41 *Ga.* 117; 1 Cyc. 129-133.

4. Where an amendment to a petition is made to meet a demurrer on the ground of multifariousness, and a motion to dismiss the petition as amended is refused, in excepting to the judgment refusing to dismiss the petition the defendant may also except to a judgment of the court

striking a plea to the jurisdiction, and upon proper assignments of error both rulings will be reviewed.

5. No other error appears in any of the rulings complained of.

*Judgment reversed. All the Justices concur.*

MARCH 3, 1911.

Equitable petition. Before Judge Kimsey. Rabun superior court. August 25, 1909.

*R. E. A. Hamby* and *Spencer R. Atkinson,* for plaintiffs in error. *H. H. Dean,* contra.