### DRAKE v. TENNESSEE, A. & G. R. CO.

(Circuit Court of Appeals, Fifth Circuit. October 12, 1920.)

No. 3532.

1. Courts ⬳405(5)—Contention that jurisdictional plea was waived raises other than jurisdictional question.

Where plaintiff contended, on writ of error from a judgment dismissing his petition for want of jurisdiction, that defendant by first pleading to the merits had waived its plea to the jurisdiction, another question besides that of jurisdiction is involved, and the writ of error is rightly in the Circuit Court of Appeals.

2. Abatement and revival ⬳84—Plea to jurisdiction cannot be made after time by amending plea on other ground.

Under Civ. Code Ga. 1910, §§ 5641, 5664, requiring a dilatory answer to be filed at the first term, and making a plea to the merits without plea to the jurisdiction an admission of the jurisdiction, a railroad company, which filed in time a plea in abatement based on the order of the Director General of Railroads, could not, after answering to the merits, set up a plea to the jurisdiction based on the citizenship of defendant, by way of amendment to its former plea.

In Error to the District Court of the United States for the Northern District of Georgia; William T. Newman, Judge.

Action by W. M. Drake against the Tennessee, Alabama & Georgia Railroad Company. From a judgment dismissing the petition for want of jurisdiction, plaintiff brings error. Reversed.

George Westmoreland, Jas. L. Anderson, and Sidney Smith, all of Atlanta, Ga., for plaintiff in error.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Samuel B. Smith, of Chattanooga, Tenn., and G. E. Maddox, of Rome, Ga., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. This suit was brought in Georgia for damages for personal injuries received by plaintiff in error, a citizen of Tennessee, against defendant in error. The petition alleged that defendant in error was a corporation under the laws of Georgia. This allegation was at first admitted by defendant in error, in its answer on the merits. At a subsequent term of court, defendant in error, by leave of court and over the objection of plaintiff in error, filed a plea to the jurisdiction of the court, the substance of which was that it was first incorporated under the laws of Alabama, though a few days later it was also incorporated under the laws of Georgia. It is claimed that the legal effect of this plea, if true, is that defendant in error is a citizen of Alabama, and that, consequently, the District Court in Georgia is without jurisdiction. The District Court allowed the plea and dismissed the petition for want of jurisdiction.

[1] Defendant in error contends that only the question of jurisdiction is involved, and that therefore review can be had only in the Supreme Court. On the other hand, plaintiff in error insists that defendant in error, by first pleading to the merits, waived its plea to the jurisdiction. Another question besides that of jurisdiction is involved, and therefore, in our opinion, the writ of error is rightly here. Boston & Maine R. R. v. Gokey, 210 U. S. 155, 28 Sup. Ct. 657, 52 L. Ed. 1002.

[2] Undoubtedly the general rule is that a plea to the merits bars all dilatory pleas. In Georgia a dilatory answer must be filed at the first term, and if defendant pleads to the merits, without pleading to the jurisdiction, "he thereby admits the jurisdiction of the court." Code Georgia 1910, §§ 5641 and 5664; White et al. v. Ga. Electric Co., 136 Ga. 21, 70 S. E. 639; Bray et al. v. Peace, Adm'r, 131 Ga. 637, 62 S. E. 1025. It is true that a plea to the jurisdiction was filed at the first term, which set up the order of the Director General, requiring suits to be brought where the plaintiff resided or where the cause of action accrued, and that the citizenship of the defendant in error was pleaded by way of amendment thereto. But reliance on the order of the Director General was expressly abandoned, and only the question of citizenship insisted upon. In Quillian v. Johnson, 122 Ga. 49, text 54, 49 S. E. 801, 803, the Supreme Court of Georgia said:

"Entirely new and distinct grounds for abating an action cannot, of course, be set up at the trial term under the guise of an amendment to a plea in abatement filed in due time; a party cannot accomplish by indirection what the law declares it is not his privilege to do at all."

The justice of this rule is apparent in the case before us. The plea in abatement now relied upon was not filed until a new suit would have been barred by the statute of limitations.

We are of opinion that the District Court erred in entertaining the plea to the jurisdiction filed by way of amendment, and the judgment is therefore reversed.