### HARDIN v. SOUTHERN RY. CO. et al.

(District Court, N. D. Georgia. July 15, 1924.)

1. **Courts ⊕⟹274—Corporation not suable where neither party is resident of district.**
   · A corporation, over timely objection, cannot be sued for a personal judgment in a federal court of a district in a state other than that of its incorporation, and of which the plaintiff is not a resident, though joined with a defendant who may be there sued.

2. **Abatement and revival ⊕⟹85—Under the rules in Georgia, a plea to the jurisdiction is not waived by pleading to the merits at the same time.**
   Under the Georgia practice, adopted by rule by the federal courts in that state, a plea to the jurisdiction of the person is not waived by pleading to the merits at the same time.

3. **Highways ⊕⟹198—County not liable for defects in public road.**
   A county of Georgia is not liable for defects in a public road.

4. **Bridges ⊕⟹39(3)—Georgia county not liable for defective bridge over railroad crossing.**
   Park's Ann. Pol. Code Ga. § 748, providing that counties shall be "liable for all injuries caused by ＊ ＊ ＊ defective bridges, whether erected by contractors, or county authorities," does not apply to bridges over railroad crossings, which, with their approaches, are required by Park's Ann. Civ. Code, §§ 2673, 2674, to be constructed and maintained by the railroad companies.

---

⊕⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

300 F.—27

At Law. Action by William R. Hardin against the Southern Railway Company and Hall County. On demurrer by each defendant. Demurrers sustained.

Hewlett & Dennis, of Atlanta, Ga., for plaintiff.

Charters & Wheeler, of Gainesville, Ga., for defendants.

SIBLEY, District Judge. The suit is for damages for a personal injury occasioned by the overturning of an automobile at a sharp curve, said to be defectively constructed and insufficiently guarded by a hand rail, near a bridge crossing the tracks of the Southern Railway Company in Hall county. The plaintiff, averring himself to be a resident of Missouri, but not stating his citizenship, sues in the District Court of the United States for the Northern District of Georgia, Hall county, a corporation of Georgia and within said district, and Southern Railway Company, a corporation of Virginia, having an office and agency and doing business in the district. Southern Railway Company has demurred on the ground that it is not suable in a district other than that of its incorporation, and also on the ground that no cause of action is set forth against it. Hall county demurs on the ground, among others, that no liability is shown on its part.

No diverse citizenship, which is the sole ground of federal jurisdiction, sufficiently appears. The plaintiff, notwithstanding his residence in Missouri, may be a citizen of the same state as one of the defendants. But leave is granted to aver his citizenship within five days, if so desired.

[1] That Southern Railway Company is not liable to be sued alone in this state and district is settled by In re Keasbey & Mattison Co., 160 U. S. 221, 16 Sup. Ct. 273, 40 L. Ed. 402. That joining another defendant, who is suable in the district, does not help the venue, appears from the cases of Macon Grocery Co. v. Atlantic Coast Line Railway, 215 U. S. 501, 30 Sup. Ct. 184, 54 L. Ed. 300, Ladew v. Tennessee Copper Co., 218 U. S. 358, 31 Sup. Ct. 81, 54 L. Ed. 1069, and Camp v. Gress, 250 U. S. 308, 39 Sup. Ct. 478, 63 L. Ed. 997. Notwithstanding the corporations in the cases cited were found in the district, so as to be served there, or even had their principal place of business in the district, it was held that they could not, over their objection, be sued in a federal court in a state other than that of their incorporation for a personal judgment, unless perhaps in the district of the plaintiff's residence in cases falling under Judicial Code, § 51, last clause (Comp. St. § 1033).

[2] The Southern Railway Company, along with the demurrer raising the question of venue, but expressly protesting that it did not waive the same, filed its demurrers going to the merits and an answer. This was in accordance with the settled Georgia practice. By Code Georgia, § 5664, it is provided:

"If a defendant appear and plead to the merits, without pleading to the jurisdiction, and *without excepting thereto*, he thereby admits the jurisdiction of the court."

In Cox v. Potts, 67 Ga. 521, construing this statute, it was early held that exception to jurisdiction simultaneously with pleadings to the merits did not admit jurisdiction of the person. This has been fol-

lowed in a long line of decisions, of which Associated Press v. United Press, 104 Ga. 51, 29 S. E. 869, Kahn v. Southern B. & L. Ass'n, 115 Ga. 459, 41 S. E. 648, High v. Padrosa, 119 Ga. 648, 46 S. E. 859, and Cox v. Adams, 5 Ga. App. 296, 63 S. E. 60, are examples. In Drake v. Lewis, 13 Ga. App. 277, 79 S. E. 167, the matter is thus stated (our italics):

"Under the practice in this state, all of a defendant's pleadings may be filed simultaneously, and, when so filed, should be *disposed of* in logical order. A defendant does not waive a plea to the jurisdiction by filing simultaneously therewith a plea to the merits, either upon the same or upon a separate paper. If upon the same paper, it is immaterial which plea is first in sequence if the defendant *first presents and insists upon* a disposition of the plea to the jurisdiction."

On the other hand, in the federal courts the rule is generally recognized that a defense, either by demurrer or answer to the merits, is so inconsistent with the contention of a want of jurisdiction of the person that the *filing* rather than the *insistence on* the former waives the latter. Notwithstanding, when the jurisdiction of the person has been adversely adjudged, defense may be made freely on the merits without waiver. Southern Pacific Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 942; Harkness v. Hyde, 98 U. S. 476, 25 L. Ed. 237. The litigant under the federal rule is therefore not forced to *choose between* his defenses, but may have both if *successively filed.* The Georgia rule treats the simultaneous filing as unimportant, but requires them to be *successively urged and ruled upon.* The difference is more technical than substantial. As to whether, in a common-law case, the state rule should, under Rev. St. § 914 (Comp. St. § 1537), be applied, it was said in Southern Pacific Co. v. Denton, supra:

"Under this act, the Circuit Courts of the United States follow the practice of the courts of the state in regard to the form and order of pleading, including the manner in which objections may be taken to the jurisdiction, and *the question whether objections to the jurisdiction and defenses on the merits shall be pleaded successively or together.*"

This language was quoted approvingly in Mexican Central Railroad Co. v. Pinkney, 149 U. S. 194, 13 Sup. Ct. 859, 37 L. Ed. 699. In both these cases, however, application was refused of a Texas statute which made a special appearance to assert an immunity from suit in the court to be itself a waiver of the immunity. The refusal was on the ground that the effect of the statute would be to nullify the act of Congress (now Judicial Code, § 51) which established the right of a defendant in general to be sued in his own district. The Texas statute was held to "unwisely impair the administration of the law and tend to defeat the ends of justice," and thus not to be obligatory under R. S. § 914. In Western Land & Savings Co. v. Butte & Boston Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101, these cases were twisted to support an application of the federal rule, with the result of thwarting Judicial Code, § 51, in much the same way as the Texas statute would have done. It does not clearly appear, however, that there was an established state practice to the contrary of the federal rule, as there is in Georgia. The point of the decision was that venue is waivable notwithstanding Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264.

Thames & Mersey Marine Insurance Co. v. United States, 237 U. S. 19, 35 Sup. Ct. 496, 59 L. Ed. 821, Ann. Cas. 1915D, 1087, is not in point. Not only was the case one under the Tucker Act, with no question of conformity to state practice, but it was expressly held that the question of venue had not been raised in the court below at all. The Georgia federal judges, in 1920, promulgated new general rules of practice in common-law cases, under authority of R. S. § 918. This section allows the District Courts to make rules regulating their own practice, not inconsistent with any law of the United States or the rules prescribed by the Supreme Court for equity and admiralty cases. These judges, believing the policy of complete conformity to state practice to be desirable and in line with the congressional policy expressed in R. S. § 914, made a sweeping rule establishing the state practice in cases at law, except where in conflict with an act of Congress or a rule of court. It is believed that the state practice dealt with above is not in conflict with any law of Congress or rule of court, or obstructive of sound policy and justice, and that counsel in this case could rely on this rule in filing pleadings in this case.

The very language of all the pleadings shows that no waiver of the venue was intended by the pleader, and it did not occur even to opposing counsel that any had resulted, but was suggested first by the court. The exact question here is not really one of jurisdiction of the federal court, as to which, of course, the federal law and federal interpretation of it must always control. The question is one of *waiver;* the assigning of an intention and effect to a litigant's conduct in a matter of practice. The essential difference between the two things is recognized in Drake v. Tennessee, A. & G. Railroad Co., 268 Fed. 248; the Circuit Court of Appeals there holding jurisdiction in the case because it involved a question of waiver, when it would have had none, had the sole question been the jurisdiction of the federal court. In that case, arising before the adoption of the rule of court above referred to, the Georgia statutes and practice were recognized as controlling, and the plea of want of personal jurisdiction was rejected, not because the plea to the merits had waived it, but because the former had not been filed at the appearance term with the latter, as required by the Georgia statute. In view of the rule of this court it is held that the benefit of Judicial Code, § 51, has not been waived in this case.

[**3, 4**] No case is set forth against Hall county. The settled law of Georgia is that a county is not liable to suit unless specially made so by statute. It is not liable for defects in a public road. It is primarily liable "for all injuries caused by  *  *  *  defective bridges, whether erected by contractors or county authorities." Park's Code, § 748. Approaches to such bridges, though embankments of earth, are a part of the bridge. Mitchell County v. Dixon, 20 Ga. App. 21, 92 S. E. 405; Howington v. Madison County, 126 Ga. 699, 55 S. E. 941. But this section does not apply to county line bridges. Brooks County v. Carrington, 7 Ga. App. 225, 66 S. E. 625. In this case it is said:

"This section relates to all bridges erected upon public roads by county authorities or others, and *not falling expressly within some other provision of the law.*"

Fifty years before the act of 1888, codified in section 748, the law had provided with reference to crossings of public roads by railroads as follows:

"All railroad companies shall keep in good order, at their expense, the public roads or private ways established pursuant to law, where crossed by their several roads, and build suitable bridges and make proper excavations or embankments, according to the spirit of the road laws.

"Such crossings include the width of land on both sides of the road allowed by charter or appropriated by the company therefor, and for as many feet beyond, each way, as is necessary for a traveler to get on and off the crossing safely and conveniently."

Park's Code, §§ 2673, 2674.

The bridge at which the plaintiff claims to have been hurt falls clearly within this law. If the curve approaching the bridge where the defects complained of existed was an approach to the bridge, so as to be a necessary part of it, the failure, if any, to have it safe, was the failure of the railroad. Georgia Railroad Co. v. Mayo, 92 Ga. 223, 17 S. E. 1000. If it was not such a part of the bridge, it was only a part of the public road, and for defects in that the county is never liable. Though the county had changed the location of the road in its approach to the bridge, the duty of keeping the crossing safe remained on the railroad company. Cleveland, Receiver, v. City Council of Augusta, 102 Ga. 233, 29 S. E. 584, 43 L. R. A. 638. The county was not even obliged to call attention to the changes, requiring alteration in the crossing. W. & A. Railroad Co. v. Smith, 145 Ga. 276, 88 S. E. 983.

While the Georgia courts do not appear to have ruled on the question, I am of opinion that the act of 1888, codified in section 748, did not intend to put a liability on the county for the railroad company's failure to keep its bridge crossings safe as required by the act of 1838 (Acts 1838, p. 216). The railroads are given complete control of and responsibility for their crossings, to the end that they may be safe for travelers both by highway and railroad, and that there may not be interference by incompetent road hands. Railroad bridges are not "erected by contractors or county authorities," within the meaning of the act of 1888. The contractors spoken of are those contracting with the county under public law for building public bridges, who alone were liable for defects before that act, unless the county had failed to take a bond from them as required by law. While the county liability under the act of 1888 has been held to extend to bridges accepted or adopted by the county authorities as a part of the public road, although not erected by them, it has never been extended to county line bridges, or to railroad bridges, each of which had previously been dealt with by other statutes.

The demurrers above indicated will be sustained, and the suit dismissed.