25564. JACKSON v. MERIWETHER COUNTY *et al.*

STEPHENS, J. 1. The act of 1888 (Code, § 95-1001), which provides that a "county shall be primarily liable for all injuries caused by reason of any defective bridges, whether erected by contractors or county authorities," and which is the only authority in law for fixing liability against a county for injuries caused by reason of defective bridges, does not apply to bridges over railroad crossings which the railroad, under the act of 1838 (§ 94-503) is required to build over railroad crossings.

See Hardin *v.* Southern Ry. Co., 300 Fed. 417. The act of 1888 has no application to a bridge over a railroad crossing as respects any liability by the county for damages resulting from a defect in the bridge which is due to a failure to keep the bridge in repair and safe for travelers, notwithstanding the bridge may have been erected, not by the railroad company, but by the county.

2. Where in 1926 a traveler in an automobile along a public highway was injured by the running of the automobile into a "hole or washout" in the highway at the abutment to a bridge which was constructed over a railroad crossing, where the alleged defect was due to a failure to keep the bridge in repair and safe for travelers, there is no liability against the county for the injury thus received.

3. In a suit against the county by the person injured, the petition failed to set out a cause of action, and the court properly sustained the general demurrer. *Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED NOVEMBER 7, 1936.

*J. R. Terrell, John J. Neely, R. D. Jackson,* for plaintiff.
*N. F. Culpepper, S. M. Mathews, B. S. Miller,* for defendants.