No. 85.—SAMUEL PEARSON, plaintiff in error, vs. ANDREW REID, defendant in error.

[1.] It is not competent for a plaintiff, at the trial term of a cause, to amend his declaration by adding a count thereto, containing a new and distinct ground of injury not before alleged in the declaration.

Case, in Putnam Superior Court. Decision by Judge JOHNSON, September Term, 1851.

Andrew Reid brought suit against Samuel Pearson, in an action upon the case, avering that the plaintiff was in the quiet possession and enjoyment of a mill upon Little River in Putnam County; and that the defendant on 1st September, 1846, and from that time to the commencement of the action, wrongfully kept up and continued a certain dam on said river, below the mills of the plaintiff, by means of which, the mills of plaintiff and their appurtenances were greatly obstructed, and the water of said river turned back upon the water wheels and other works of said mills, to the damage of the plaintiff.

At the September Term, 1851, the plaintiff.'s counsel proposed to amend by adding a count, averring that he was in possession a tract of land upon the said river, on which he had a number of slaves residing, and that defendant, by keeping up and continuing the said dam, caused the water to overflow. the said land—to.become stagnant in the low lands—killing large quantities of timber, and destroying the health of his slaves.

The Court allowed the amendment, and this decision is assigned as error.

MERIWETHER, for plaintiff in error.

J. WINGFIELD, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The only question made in this case, is the right of the plaintiff to amend his declaration by adding a new count, for a

*distinct injury*, at the trial term of the cause. The Court below allowed the amendment, with leave to the defendant to continue the cause.

The original declaration contained two counts : One alleging, that the defendant, by the erection of a mill dam on the stream below the plaintiff's mill, caused the water to flow back on the wheels of the plaintiff and his other works, whereby he was greatly damaged, &c. The second count alleged, that the defendant, by not keeping up his fence, had caused great injury to the plaintiff's stock, by worrying them, &c. in driving them out of the defendant's enclosure. The third count, which the plaintiff proposed to add at the trial term, alleged, " that he was in possession of a tract of land upon Little River, on which he had a number of slaves residing, and that the defendant, by keeping up and continuing his mill dam on said river, caused the water to overflow the said land, and to become stagnant in the low grounds, killing large quantities of timber, and destroying the health of his slaves."

This is not a proposition to amend for any defect in matter of *form*, or for a *clerical mistake*, or *omission*, not affecting the *real merits* of the case, as provided in the 9th section of the Judiciary Act of 1799, nor is it an application to amend, for any *formal variance* betwen the *allegation* and *proof*, as provided in the Act of 1818 ; or where there has been in substance a copy of the plaintiff's demand for this *particular injury*, served upon the defendant, as contemplated by the latter Act ; but it is an application by the plaintiff, to insert in his declaration a new count, for a substantive and *distinct injury.* Can this be done, is the question ? We are of the opinion it cannot, under the provisions of our Judiciary Act. According to our system of pleading, the plaintiff is required by petition to the Court, to set forth his charge, allegation or demand, plainly, fully, and distinctly, to which the Clerk shall annex a process, &c. which shall be served on the defendant, at least seventeen days before the Court to which it is made returnable. The defendant is required to appear at the Court to which the petition and process is made returnable, and make his defence in writing, plainly, fully,

and distinctly. The defendant then, has six months to prepare his case for trial, and procure his testimony, and is entitled to have two trials; one before the Petit Jury, and the other before a Special Jury, if he thinks proper to enter an appeal, which he may do as a matter of right.

Now, if the plaintiff may come in at the trial term of the cause, and insert a count in his declaration by way of amendment, containing a new and *distinct cause of injury,* requiring new and *distinct evidence* to defend against it, it will be perceived that the defendant may be deprived of some of his important legal rights. He will not have had the time which the law gives him to prepare his case for trial; besides, if the amendment is allowable at all, it may be made on the appeal trial, as well as at the first trial of the cause, and if made on the appeal, the defendant would necessarily be deprived of one trial which the law secures to him, for the *distinct injury* alleged in the amended count by the plaintiff.

Moreover, if this sort of *guerilla* warfare may be allowed to plaintiffs, it would prove exceedingly harassing to defendants. As well might a plaintiff who had declared against a defendant on one promissory note, and alleged damage for the non-payment thereof, at the trial term, move the Court to amend his declaration by inserting a count upon another and distinct promissory note, and alleging a new and *distinct injury* by its non-payment. In *Maxwell vs. Harrison,* (8 *Geo. R.* 65,) this Court held, that the true criterion for determining whether an amendment is admissible is, whether the amendment proposed, is *another cause of controversy,* or whether it is the *same contract or injury.* Where the contract is the same, or the alleged injury the same, the plaintiff may undoubtedly amend so as to make his *allegations* correspond with his *evidence,* but such is not the character of the proposed amendment in this case. As a general rule, we very reluctantly interfere with the discretion of the Court in allowing amendments, but as the amendment in this case involves an important question of practice, which, if allowed, would authorize parties plaintiff to introduce amendments at the trial term of causes, embracing new and distinct causes of *injury,* as

Pearson *vs.* Reid.

well as new and distinct causes of *action*, which, in our judgment, would operate injuriously as a rule of practice, we reverse the judgment of the Court below, on the ground that the amendment was improperly allowed.