# THE CHICAGO WEST DIVISION RAILWAY COMPANY

### v.

## SERENO W. INGRAHAM.

*Filed at Ottawa January 21, 1890.*

1. PLEADING—*joinder of causes of action.* At common law, several causes of action of the same nature,—that is, which require the same judgments, and which are recoverable in the same form of action, and which exist between the same parties, in the same right,—may all be joined by several counts in one declaration, and this, though they may be so far several and distinct rights of action that a judgment for one would be no bar to a recovery for the other.

2. Where the damages result to a party in the same manner, and from the same negligent or wrongful act of the defendant, and are coincident in time, and the cause of action accrues to the plaintiff in the same right and against the defendant in the same character or capacity, they may be joined in the same count in the declaration.

3. Where the effect of the same negligent or wrongful act of one is to inflict a personal injury upon another, and at the same time, and as a part of the same transaction, to injure the property of the same person, the injured party may declare for damages, both to his person and property, in one count, or he may declare for each separately, in different counts.

4. SAME—*duplicity in pleading—defined.* Duplicity in a declaration consists in joining in one and the same count different grounds of action, of different natures, or of the same nature, to enforce only a single right of recovery.

5. PLEADING AND EVIDENCE—*in case of improper joinder of causes of action—general issue.* Even if a plaintiff improperly join two or more causes of action in the same count, the error will be one of pleading only, and under the general issue the defendant can not object to the introduction of competent evidence to sustain the several causes of action.

6. WITNESS — *credibility — how questioned—denying the making of former statements.* Where a witness testifies to having seen a certain occurrence, it is material and important that he should have been in a position to see what he testifies to, and it is proper to ask him if he did not, at a time and place named, state that he could not see the transaction on account of the people between him and the place where it happened, and on his denying the making of the statement, it is com-

petent to prove that he did, and thereby affect the credibility of his testimony.

7. SAME—*impeachment—laying the foundation.* To lay the foundation for impeaching a witness, he was asked if he did not, at a time and place named, tell the plaintiff that there were so many persons standing up in front of him that he (the witness) could not "see the plaintiff" at the time he met with an accident testified to. The interrogatory put to the impeaching witness was, "Did not the witness tell the plaintiff that he could not see the accident, because there were people in front of him?" *Held,* that there was no substantial discrepancy between the two questions, as the witness could not see the accident without seeing the plaintiff, and *vice versa.*

8. SAME—*question to impeaching witness—if·variant—specific objection.* If the question propounded to an impeaching witness is variant from the one put to the witness sought to be impeached, objection should be made thereto on that specific ground, so that the form of the question may be changed to suit the phraseology of the first interrogatory.

9. INSTRUCTION—*not based on the evidence.* There is no error in refusing to give an instruction, though correct in other respects, if inapplicable to the facts of the case.

10. SAME—*faulty instruction cured by others.* An instruction will not be held to have misled the jury in respect of a matter fully and properly laid down and given in other instructions. Thus a defendant, a city railway company, in a suit for damages caused by a collision, asked the court to instruct the jury, that the mere omission of the defendant to perform any duty it ought to have performed is not sufficient to make it liable. The court added these words, "unless such omission caused the injury complained of:" *Held,* that as modified, the instruction could not lead the jury to find defendant liable if the omission caused the injury, regardless of the care exercised by either of the parties, as the other instructions stated the rules in respect to the care required of the plaintiff, and of the negligence of the defendant, in order to constitute a right of action.

11. SAME—*instructions construed—street railways, and persons upon their right of way—stating their relative rights and duties.* In an action against a city railway, for negligence in running into the buggy of the plaintiff, and injuring him and his property, the defendant asked this instruction: "That the mere omission on the part of the defendant to perform any duty which it ought to perform, is not sufficient to render the defendant liable." The court added, "unless such omission caused the injury complained of:" *Held,* that the instruction, as asked, stated an abstract proposition, which, without proper qualification, might tend to mislead, and might properly have been refused: *Held, also,* that the modification did not relieve it from its fault.

12.  In the same case, the defendant asked the court to instruct the jury, "as a matter of law," that a company legally operating a street railway is entitled to the track on meeting foot passengers or vehicles; and inasmuch as the street cars can only go on a particular line, when one or the other is compelled to give the right of the road, that foot passengers, or those traveling by ordinary methods, must yield it to the street cars: *Held*, calculated to lead to the belief that the company was not bound to exercise due and proper care to avoid collision with others using the street.

13.  And further, in the same case, the court, in lieu of an instruction asked by the defendant, instructed that, as a matter of law, a company legally operating a street railway is entitled to the track on meeting foot passengers or vehicles, as against any person, carriage, etc., driven or being thereon with a view to delay or embarrass the progress of the cars, to which the defendant excepted.  As the defendant had introduced in evidence an ordinance giving to the defendant the right to its tracks as against any person, carriage, etc., put, driven or being thereon with a view to delay, hinder or embarrass the progress of the cars, it was *held*, that the instruction could not be erroneous or prejudicial to the company.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

This was an action on the case, to recover damages for injuries growing out of alleged negligence.  On the trial the defendant asked this, among other instructions:

"9.  The jury are instructed, as a matter of law, that a company legally operating a street railway is entitled to the track on meeting foot passengers or other vehicles; and inasmuch as the street cars can only go on a particular line, and when one or the other is compelled to give the right of the road, that foot passengers, or those traveling by ordinary methods, must yield it to the street car."

The court refused to give the instruction as asked, but gave it as follows:

"9.  The jury are instructed, as a matter of law, that a company legally operating a street railway is entitled to the track on meeting foot passengers or other vehicles, as against any

person, carriages, etc., driven or being thereon with a view to delay or embarrass the progress of the cars."

The other material facts appear in the opinion of the court.

Mr. W. B. KEEP, Mr. EDMUND FURTHMANN, and Mr. H. H. MARTIN, for the appellant:

The injury to plaintiff's person, and that to his property, though caused by the same acts of defendant's servants, were separate and distinct injuries. *Brunsden* v. *Humphrey*, 14 Q. B. D. 141.

The eighth of appellant's instructions, as modified and given, was erroneous, as not referring to the evidence, and in not requiring the jury, in case they find that appellant's mere omission of a duty caused the injury, to also find that appellee was in the exercise of due care before they can find for the plaintiff.

Appellant asked the court to tell the jury that appellant had the right of way over its tracks, and to this right persons traveling in ordinary vehicles must yield. It was error to refuse this, and also error to give the same as modified.

It is elementary law, that before a witness can be contradicted by evidence of prior statements inconsistent with his testimony on the trial, he must first be asked, on his cross-examination, as to whether or not he made the particular statement of which evidence is intended to be introduced, and the time and place of such statement must be called to his attention. *Gordon* v. *Reynolds*, 114 Ill. 118; *Insurance Co.* v. *Grunert*, 112 id. 68; *McCoy* v. *People*, 71 id. 111.

It is well settled, that where a witness, on cross-examination, denies having made certain alleged prior statements inconsistent with his testimony at the trial, his answer is conclusive, when the subject matter of the statement is collateral to the issue. *Gordon* v. *Reynolds*, 114 Ill. 118.

Messrs. HYNES & DUNNE, for the appellee:

No objection was made on the trial to proof of both injuries sustained by the plaintiff, and therefore it is too late to object to the instruction as to the measure of compensation.

There was no error in the giving, refusing and modifying of the instructions.

As to the mode of impeaching a witness by showing his statement is inconsistent with his testimony, see Greenleaf on Evidence, sec. 462; *Bennett* v. *O'Byrne*, 23 Ind. 605; *Lawler* v. *McPheters*, 73 id. 580; *Nelson* v. *Iverson*, 24 Ala. 9.

Mr. CHIEF JUSTICE SHOPE delivered the opinion of the Court:

This was an action on the case, by appellee, to recover damages to his person and property, claimed to have been sustained through the negligence of appellant's servants, whereby a collision occurred between a car on appellant's railway and the buggy in which appellee was riding.   The declaration contained a single count.   It alleged, in apt form, that appellee was riding on west Twelfth street, in Chicago, in a buggy drawn by a single horse, and while in the exercise of due care and caution on his part, the servants of defendant (appellant) so carelessly and negligently drove and managed the horses by which a street car upon defendant's tracks was drawn, that the car struck the buggy of appellee with great force, whereby he was thrown to and upon the ground and severely and permanently injured, his buggy and harness broken, injured and damaged, and his horse hurt, damaged and permanently deteriorated in value.   The count, by apt averments, sets out the personal injury to appellee, his expense in being cured, and loss of time, and also the damage to his horse, buggy and harness, and seeks recovery of damage to his person and property.   To this declaration the appellant filed the general issue.   A trial resulted in a verdict and judgment thereon for appellee, of $1000.   On appeal to the Appellate Court the

judgment was affirmed, and the railway company prosecutes this further appeal.

All controverted questions of fact necessary to sustain the judgment are necessarily determined against appellant by the judgment of the Appellate Court.

It is insisted that the trial court erred, both in giving instructions and in the admission of evidence. The criticism of the second instruction given on behalf of appellee is, that the jury were thereby instructed, that if they found for the plaintiff, then, in assessing his damages, they should take into consideration any damage shown to have resulted to the person of the plaintiff, and also to his personal property,—the point made being, that the damages to the person of the plaintiff, and the damages to his horse, buggy and harness, were separate and distinct injuries, and hence could not be recovered for under a single count declaring for both. We are referred to *Brunsden* v. *Humphrey*, 14 Q. B. D. 141, as sustaining that view. The case, when properly considered, if it be accepted as a true exposition of the law, is not controlling. In that case, the plaintiff recovered judgment for an injury to his cab, caused by a collision with defendant's van, through the negligence of defendant's servants, and subsequently sued the same defendant for personal injury to himself, alleged to have resulted from the same collision, and it was held that the former suit was not a bar to the second recovery.

It is conceded, as indeed it must be, that recovery for damages to the person, and to the property, of appellee might be had in the same action, if declared for in separate counts of the declaration. The general rule of the common law is, that where several causes of action of the same nature,—that is, which require, at the common law, the same judgment, and are recoverable in the same form of action,—exist between the same parties, in the same right, they may all be joined, by several counts, in one declaration. (Gould's Pl. chap. 4, secs. 79, 85, 103; Chitty's Pl. 228.) And this would be so,

notwithstanding they might be so far several and distinct rights of action that a judgment for one would be no bar to a recovery for the other.    And if it be conceded that the injuries to the person and to the property of appellee so far constitute distinct causes of action that separate suits might be maintained therefor, we are unable to perceive any reason, where the damages result in the same manner and from the same negligent or willful act of the defendant, and are coincident in time, and the causes of action accrue to the plaintiff in the same right and against the defendant in the same character or capacity, they may not be joined in the same count of the declaration. (*Godfrey* v. *Buckmaster*, 1 Scam. 447.) At most, it would be violative only of the rule in respect of duplicity in pleading, but which, in the state of pleadings here, it will be unnecessary to determine.    The declaration counts upon the injury to both the person and property of the plaintiff.    The damages alleged to have been sustained to each are alleged with equal particularity, and it can no more be said that the suit is to recover damages resulting from his personal injuries, than that it is for the recovery of damages to his horse, buggy and harness.    A substantive right of recovery is, by the declaration, based upon the injury to each—to the injury to his property no less than to his person.    Duplicity in a declaration consists in joining, in one and the same count, different grounds of action, of different natures, or of the same nature, to enforce only a single right of recovery. (Gould's Pl. chap. 4, sec. 99.)    It must be manifest that the declaration here considered does not fall within this definition of duplicity given by Mr. Gould.    But be this as it may, and conceding that it is faulty for duplicity, "this is a fault in pleading, only, because it tends to useless prolixity and confusion, and is therefore only a fault in form."    (Ibid.)    Ordinarily this defect in pleading, being merely of form, can be taken advantage of only by special demurrer for that cause. (Chitty's Pl. 228.)    The defendant having filed the general issue, waived

this formal defect, and tendered issue upon the material averments of the declaration. Therefore, if the plaintiff sustained his declaration by proof, his right of recovery would be as complete as if the two causes of action had been stated in different counts. It follows, that as the plaintiff had, under his declaration, a right to recover both for injury to his person and to his property, the court committed no error in so instructing the jury. This seems to have been the view of the learned counsel for appellant at the trial, for no demurrer was filed, and the evidence in respect of the damages was admitted without objection, and we are of opinion they have no just cause of complaint in regard to this instruction.

It is also insisted, that the court erred, to the prejudice of appellant, in modifying its eighth and ninth instructions. The eighth, as drawn, told the jury, "that the mere omission on the part of the defendant to perform any duty which it ought to perform is not sufficient to render the defendant liable." The court added thereto the words, "unless such omission caused the injury complained of." As asked, it stated an abstract proposition, which, without proper qualification, might tend to mislead, and might very properly have been refused. The modification does not relieve it of the criticism. It is said, however, that the jury, from the instruction as modified, would be justified in finding the defendant liable if the omission caused the injury, whether it had exercised ordinary care to prevent the same or not, and regardless of whether the plaintiff was in the exercise of due and proper care or not. Without pausing to discuss whether the instruction is susceptible of that construction, it is apparent that the jury could not have been led into that error. By the second instruction of appellee, and by the second, third, fifth, sixth, seventh, tenth, eleventh, twelfth and thirteenth, the rule in respect of the care required of the plaintiff, and the negligence of the defendant, requisite to constitute a right of recovery, was fully and amply stated, and the doctrine of comparative

negligence given to the jury. In view of the character of instructions given, and the facts of the case, the jury could not, as we think, have been misled.

The ninth instruction, as asked, if correct in other respects, was inapplicable to the facts, and the court did not err in refusing to give it. There was no question involved of the right of the railway company to the use of its tracks, or of the duty "of foot passengers, or those traveling by ordinary methods," to yield to the street car the right to its track. The instruction, if given, if it had any effect, would have misled the jury into the belief that the street car company was not bound to exercise due and proper care to prevent collision with others using the same street,—which certainly is not the law. The ninth, as given, can scarcely be regarded as a modification of the instruction asked. There is no similitude between them. But the giving of this instruction, whether it be considered a modification of the one asked or an instruction given by the court, did appellant no injury. It is as follows:

"The jury are instructed, as a matter of law, that a company legally operating a street railway is entitled to the track on meeting foot passengers or other vehicles, as against any person, carriage, etc., driven or being thereon with a view to delay or embarrass the progress of the cars."

Appellant had introduced in evidence an ordinance of the city giving the right to its tracks to appellant, as against any person, carriage, etc., put, driven or being thereon with a view to delay, hinder or embarrass the progress of the cars, and fixing a penalty against any one who should willfully so obstruct, hinder or delay such progress. In view of this ordinance, already before the jury, the instruction can not be said to be erroneous, or prejudicial to appellant.

Appellant produced as a witness the conductor of the car that collided with appellee's buggy, who testified: "I saw this accident that happened on Twelfth street, near Desplaines, to Dr. Ingraham. When I first saw the horse and buggy they

were going on the south track, in the same direction.   Both of us were going west.   The hind end of the buggy was about even with the horses, and we went on about fifty feet together, and all of a sudden the driver of the buggy pulled in ahead of the horses, so close that in the next second the car struck the buggy, and the buggy turned over.   I didn't have time to pull the bell, or anything else, because the notice was too short. *   *   *   I was on the rear platform, and I saw the horse and buggy turn out of the track, and saw the whole business, and the driver put on the brake as quick as he could, and the car nearly stopped before it struck the buggy.   *   *   *   I know he (the car driver) could not have stopped it (the car) in time to have saved the buggy."   On cross-examination he repeated in detail the same thing, and was asked if, at the scene of the accident, just after it happened, he did not tell appellee that he was sorry ; that there were so many people standing up in front that he could not see him, appellee,—which he substantially denied having said.   As affecting his credibility, it was material and important that he should have been in position to see what he testified he did see, and the question was clearly proper ; and being inconsistent with his testimony, and material, and his attention having been specifically called to the time and place of making the alleged statement, it was competent to call witnesses and show that he did make the same, which was, in effect, at least, done.

But it is said there is discrepancy between the question asked of the principal witness and the witness called to contradict him, in this, that he was asked if he did not tell appellee that he was sorry,—that there were so many people standing up in front that he could not see him (appellee), while the interrogatory put to the impeaching witness was, whether he (the conductor) did not tell appellee that he was sorry,—that he could not see the "accident" because there were people on the front platform of the car, and therefore the court erred in allowing the witness, in rebuttal, to answer.   The con-

tention is without merit. Both witnesses testified that there was a conversation between the conductor and appellee at the time and place stated; both undoubtedly refer to the same conversation, and if the witness saw the appellee he must have seen the accident, and he could not have seen the accident without seeing appellee. Moreover, the rule must receive a reasonable construction, and if there was objection to the question of the character indicated, it should have been specifically pointed out, so that the interrogatory might have been changed to suit the phraseology of the principal witness. This was not done.

Finding no error, the judgment is affirmed.

*Judgment affirmed.*