THE GEORGIA RAILROAD AND BANKING COMPANY *v.* MAYO.

92  223
94  139
92  223
e121  284
92  223
124  498

1. By statute it is the duty of railroad companies to construct and maintain on the line of highways safe crossings over their tracks; and where a bridge over the track reasonably required a railing to project from the bridge a short distance along the margin of the highway, in order to render the crossing safe, and a traveler whose mule took fright while being driven across the bridge was precipitated from the highway and injured in consequence of the absence of such railing, the company is liable in damages.
2. The evidence warranted the verdict, and there was no error in denying a new trial.

June 26, 1893

Action for damages. Before H. H. PERRY, judge *pro hac vice.* Walton superior court. August term, 1892.

J. B. CUMMING, H. D. McDANIEL and BRYAN CUMMING, for plaintiff in error. NAPIER & COX, *contra.*

SIMMONS, Justice.

It was not denied that under sections 706 and 707 of the code, it was the duty of the railroad company to keep and maintain in a safe condition the bridge forming a part of the public highway which crossed over its track at the place where the injury occurred. The bridge in question was over a deep cut, and at the time of the accident the railing did not extend beyond the edge of the cut, and no safeguards whatever were provided by the company along the approaches to the bridge to prevent vehicles or animals traveling along the public road from falling into the cut. The bridge did not cross over the track at right angles to the latter, but the crossing was in a slightly diagonal direction.

Under the circumstances stated, we think it was for the jury to determine whether or not the company was negligent in failing to extend the railing of the bridge a short distance along the margin of the highway in order to render the crossing safe to the public. This extension has been actually made since the injury to the plaintiff occurred, and we think it was purely a question for the jury whether, in the light of all the evidence, reasonable diligence on the part of the company required that this precaution should have been taken before. No absolute and unbending rule could be formulated which would cover and provide for every case of this kind, and under our system, the juries of the country are entrusted with the proper solution of questions thus arising.

It was contended, however, that even if the bridge and the approach thereto were not up to the proper legal standard of safety, their defective condition was not the proximate cause of the injury. It seems that the plaintiff had driven his mule upon the bridge, and

approached to near the middle of it, where some new plank had been put in making some repairs; that the mule became frightened at the new plank, and backed the wagon to the end of the bridge, and then, cutting the hind wheel to the side, backed the wagon off at a place where there was no railing, on to the top of the cut, and off and down into the cut, causing serious physical injuries to the plaintiff. It was argued that the bridge was safe enough for the thousands of men, horses and mules that crossed it, and that the company should not be required to make it safe for the one balking and backing mule belonging to the plaintiff. Experience teaches us that it is quite common for horses and mules traveling the public roads to become frightened at trivial objects, and it is not a very unusual occurrence for these animals to behave as the plaintiff's did in the present instance. Be this as it may, this question, as well as the other above discussed, was a proper one for the jury to determine, and we are not prepared to say they found erroneously in deciding that this bridge was not reasonably safe, and that though the plaintiff's mule was a refractory animal, the defective condition of the bridge was the real and proximate cause of the injury. There was ample evidence to warrant the jury in concluding that the company was liable in the present case; the amount of the verdict was reasonable; and the court below being satisfied with their finding, no legal reason exists for reversing the judgment.        *Judgment affirmed.*