18037.  ENDSLEY *v.* GEORGIA RAILWAY & POWER CO.

Where one sustains an injury to his person and also damage to his property from the same act or acts of negligence of another, two distinct causes of action arise in favor of the person so aggrieved, and a recovery for the damage to his property is not a bar to a subsequent action for the injury to his person.

DECIDED NOVEMBER 21, 1927.

Action for damages; from Fulton superior court—Judge Humphries. February 5, 1927.

Application for certiorari was made to the Supreme Court.

*G. Seals Aiken,* for plaintiff.

*Colquitt & Conyers, Sidney Smith,* for defendant.

BELL, J.  In a single transaction and by the same acts of negligence on the part of the defendant, the plaintiff sustained injury to her person and also damage to her automobile. On March 25, 1926, she brought suit in the municipal court of Atlanta for the damage to her automobile, and on May 18, 1926, recovered therein a verdict for $50. On March 26, 1926, she filed suit in Fulton

Actions, 1. C. J. p. 938, n. 92; p. 939, n. 22; p. 1055, n. 53, 54; p. 1119, n. 29.
Assignments, 5 C. J. p. 887, n. 64; p. 889, n. 74, 75.
Damages, 17 C. J. p. 712, n. 56.
Judgments, 34 C. J. p. 835, n. 79; p. 902, n. 92.
Limitations of Actions, 37 C. J. p. 774, n. 57; p. 779, n. 33.
Statutes, 36 Cyc. p. 1160, n. 28, 30.

superior court for $15,000 for her alleged personal injuries. In this suit the defendant, at the May term, 1926, filed a general denial, but on September 3, 1926, after the judgment for the property damage, it pleaded by amendment that the two suits were based on a single cause of action, and that the judgment in the former suit was a bar to the further prosecution of the latter. The plaintiff demurred to the defendant's plea as thus amended, and, after argument of counsel, the court passed the following order: "The within and foregoing plea in bar having been submitted to the court upon the law and the facts, and after argument of counsel, it is ordered by the court that said plea in bar be sustained and said case be dismissed." To this ruling the plaintiff excepted.

The question for decision is whether the same acts of negligence causing injury both to the plaintiff's person and to her property give rise to a single cause of action or to two. The exact and precise question has never been the subject of a direct ruling by either of the appellate courts of this State, although it has been considered in a number of other jurisdictions with opposing conclusions. Even the Federal courts do not seem to be clearly in accord upon the point. In Southern Ry. Co. *v.* King, 160 Fed. 332 (87 C. C. A. 284), a case arising in the State of Georgia and decided by the United States Circuit Court of Appeals for the fifth district, there is some language to the effect that injuries to the person and to the physical property of the plaintiff, resulting from the same tort, constitute a single cause of action and should be presented in the same suit. On the other hand, in Boyd *v.* A. C. L. Ry. Co., 218 Fed. 653, 656, decided by Judge Speer of the southern district of Georgia, it was held that "where plaintiff suffered a personal injury and also the destruction of his automobile in a railroad-crossing accident, it was the injury and not the negligent act alone which gave rise to the right of action; and hence payment of a judgment recovered in a separate action for the destruction of the automobile was no bar to a subsequent action for plaintiff's personal injuries." The facts of the Boyd case, which also arose in this State, were identical with the facts of the instant case as regards the principles of law to be applied, while those in the King case were entirely different. In the latter case the question was whether the injury to Mrs. King, the plaintiff, and the homicide of her husband, both resulting from

the same act of negligence on the part of the defendant, constituted a single cause of action in favor of the plaintiff. The question which is presented in the present case was not involved, and all reference thereto in that case was obiter. The weight of authority in America seems to be to the effect that the injuries to the person and to the property in a case of this sort constitute a single cause of action, but after a careful examination of the authorities we are unable to assent to this view, although the question is admittedly a troublesome one on either side of which there is room for plausible argument. Our Civil Code (1910), § 5521, provides: "All claims arising ex contractu between the same parties may be joined in the same action, and all claims arising ex delicto may in like manner be joined. The defendant may also set up, as a defense, all claims against the plaintiff of a similar nature with the plaintiff's demand." As was said in the Boyd case, this statute is merely permissive, for had the legislature determined to make the joinder obligatory, the word "shall," instead of "may," would doubtless have been used.

In the laws of this State there is a recognized distinction between the right to recover for injuries to property and for injuries to the person. The legislature has prescribed different periods of limitation within which suits may be brought for the respective injuries (Civil Code (1910), §§ 4496, 4497) ; and, furthermore, a claim for damage to property is assignable, while a claim for personal injuries is not. *Sullivan* v. *Curling*, 149 *Ga.* 96 (99 S. E. 533, 5 A. L. R. 124). This would indicate that they are separate and distinct causes of action, to be presented in separate suits except for the privilege of joinder accorded by section 5521 of the code. The same evidence would establish the negligence of the defendant in both instances, but the measures of the damage are entirely dissimilar, requiring different instructions to the jury upon that subject. The evidence of the personal injury would ordinarily be immaterial and inadmissible in a suit alone for the property damage, and, conversely, evidence of the property damage would have no relevancy in the claim for personal injuries. Thus, in a suit to recover on one of such claims alone, the other would not be in issue and might not be heard of. A termination of the one cause could, perhaps, be regarded as an estoppel by judgment as between the parties on the question of their respective negli-

gence or diligence, but this is not to say that it would bar a suit for the other injury. See Lyons v. Empire Fuel Co., 262 Fed. 465; Atchison etc. Ry. Co. v. Nelson, 220 Fed. 63 (135 C. C. A. 621). If the former action for property damage had resulted in a verdict in favor of the defendant, the defendant might have been able to set up such adjudication to estop the plaintiff on the issue of its negligence, depending upon the pleadings and the defense made. See *Allen* v. *Allen,* 154 *Ga.* 581 (3) (115 S. E. 17); *New* v. *Quinn,* 31 *Ga. App.* 102 (3) (119 S. E. 457); *Farmer* v. *Baird,* 35 *Ga. App.* 208 (132 S. E. 260); Fleisher *v.* Detroit Motor Co., 165 N. Y. Supp. 245. But in our opinion a judgment for or against the plaintiff in a suit for the damage to her automobile would not have adjudicated the ultimate question of her right to recover for her personal injuries. It would not establish either that she was injured in her person or that she was not, whereas in a suit on the latter it would be proper to show both the injury and the extent thereof. Once past the preliminary question of the negligence or diligence of the parties, each case would have to stand upon its own facts and circumstances, and under the code the plaintiff would be permitted, but not required, to join the same in one suit.

The variant conclusions which have been reached by the different courts seem to have resulted, in the main, from divergent views as to what is the cause of action, some of the courts treating it as consisting of the injury inflicted, and others regarding it as the negligent or wrongful act causing the injury. In our construction of the statutes and decisions in this State, the cause of action is composed not simply of the negligent or wrongful act of the opposite party, but necessarily includes the damage which the injured party sustains. The code provides that for every violation of a contract express or implied and *for every injury done by another to person or property,* the law gives a right to recover and a remedy to enforce it, and that damages are given for the *injury* sustained. Civil Code (1910), §§ 3652, 4390, 4502. It is true that if the injury be small or the mitigating circumstances be strong, nominal damages only are given; and in some cases damages are awarded when no actual damage whatever has been proved. But in all cases the element of damage must enter in some way before a suit is maintainable in tort, and so it is

provided that general damages are such as the law presumes to flow from any tortious act and may be recovered without proof of any amount. Civil Code (1910), § 4507; *Nat. Exchange Bank of Augusta* v. *Sibley*, 71 *Ga.* 726. "In a popular sense, the word 'damage' does frequently mean depreciation in value, whether such depreciation is caused by a wrongful or a lawful act; but in statutes or other legal instruments giving compensation for 'damages' the word always refers to some actionable wrong—some loss, injury, or harm which results from the unlawful act, omission, or negligence of another." *Austin* v. *Augusta Terminal Ry. Co.*, 108 *Ga.* 671, 674 (34 S. E. 852, 47 L. R. A. 755). The damage, therefore, in this State is the gravamen of the action, and hence, in a case of this sort, the injury to the plaintiff's person and the damage to his property constitute different causes. There was, according to the pleadings in this case, a violation of two primary rights, one involving the plaintiff's person and the other her property. Black's Law Dictionary, 1045. "The test of whether more than one cause of action is stated in a complaint is whether there is more than one distinct primary right or subject of controversy presented for enforcement or adjudication and not whether there are different kinds of relief prayed or objects sought." 1 C. J. 1055, 1056; *A. C. L. R. Co.* v. *Inabinette*, 32 *Ga. App.* 246, 250 (122 S. E. 902). "The same act may violate any number of rights, but each such violation would constitute a different wrong. If such violations or wrongs are distinct and separate, even though resulting from the same act, they would give rise to different causes of action. . . 'The thing which in contemplation of law as its cause becomes a ground for action is not the group of facts alleged in a declaration, bill, or indictment, but the result of these in a legal wrong, the existence of which, if true, they conclusively evince.'" *City of Columbus* v. *Anglin*, 120 *Ga.* 785 (5) (48 S. E. 318). "Relatively to the law of pleading, a cause of action is some particular legal right of the plaintiff against the defendant, together with some definite violation thereof which occasions loss or damage. . . The outcome under the law of any state of facts whatever which will embrace a cause of action may be expressed as follows, the first proposition affirming the duty, the second the breach, and the conclusion the right to recover: It was the defendant's legal

duty to the plaintiff to do so and so; (or not to do so and so as the case may be): He did not do so and so; (or he did so and so as the case may be), and thereby caused the plaintiff such and such loss or damage: Therefore the plaintiff is entitled to recover for the reparation of his loss or for his proper compensation in damages. The office of the declaration is to state or describe the material out of which, viewed in the light of the law applicable to the case, a logical syllabus like this can be constructed in advance of the trial, for justification by evidence when the trial takes place. *Unless the plaintiff can and will allege beforehand that such material exists* [italics ours], no trial ought to be had, for it would be useless." *Ellison* v. *Ga. R. Co.,* 87 *Ga.* 691 (4), 700 (13 S. E. 809).

In the early case of *Pearson* v. *Reid,* 10 *Ga.* 580, the original petition was in two counts, in one of which it was averred that the plaintiff was in the quiet possession and enjoyment of a certain mill on a river in Putnam county, and that the defendant wrongfully kept up and continued a certain dam on the same river, below the mill of the plaintiff, with the result that the water of the river rose upon and obstructed the plaintiff's mill, to his damage in the sum sued for. The plaintiff at a later term proposed to amend the suit by averring in a third count that the defendant, by keeping up and continuing the *same* dam, had caused the water to overflow the plaintiff's land and to become stagnant in the low grounds, "killing large quantities of timber and destroying the health of [plaintiff's] slaves." The Supreme Court held that the amendment was not allowable, because it set forth a different injury and a new and distinct cause of action. The decision in that case was cited with approval in the *Anglin* case, supra, and appears, by analogy at least, to be controlling in the case at bar. It would seem that the *Pearson* case is even stronger than the case under consideration, for in that case the only injuries complained of were in reference to the plaintiff's property, no injury to his person being mentioned. So we hold that as regards the instant suit to recover for personal injury, the plaintiff's prior suit and recovery for the damage to his automobile constituted "another cause or controversy." See *Maxwell* v. *Harrison,* 8 *Ga.* 61 (52 Am. D. 385). As suggested by counsel for the defendant in error, it has perhaps been the practice in this

State for a plaintiff in a single count to claim damage both to his person and to his property for a single act or identical acts of negligence on the part of the defendant. However, we have found no decision directly approving this practice. What has been the usual practice in the courts would ordinarily be persuasive as to what is proper, but it is not conclusive or decisive, in the absence of a direct and positive ruling upon the point.

Among the courts which have held differently from the conclusion which we reach in this case are those of Massachusetts, Maryland, Connecticut, Illinois, Missouri, Minnesota, Kentucky, Tennessee, and Washington, as shown by the following citations: Doran v. Cohen, 147 Mass. 342 (17 N. E. 647); Baltimore R. Co. v. Ritchie, 31 Md. 191; Seger v. Barkhamsted, 22 Conn. 295; Chicago etc. R. Co. v. Ingraham, 131 Ill. 659 (23 N. E. 350); Lamb v. St. Louis etc. R. Co., 33 Mo. App. 489; King v. Chicago etc. R. Co., 8 Minn. 83 (82 N. W. 1113, 50 L. R. A. 161, 81 Am. St. R. 238); Coles v. Ill. R. Co., 120 Ky. 686 (87 S. W. 1082); Mobile R. Co. v. Matthews, 115 Tenn. 172 (91 S. W. 194); Sprague v. Adams, 139 Wash. 510 (247 Pac. 960, 47 A. L. R. 529). The rule which we think is the proper one appears to have been first announced in the English case of Brunsden v. Humphrey, L. R. 14 Q. B. Div. 141, and has been recognized in later cases of the same jurisdiction. Darley Main Co. v. Mitchell, L. R. 11 App. Cas. 144; Macdougald v. Knight, L. R. 25 Q. B. Div. 8.

In the well-considered case of Reilly v. Sicilian Paving Co., 170 N. Y. 40 (62 N. E. 772, 57 L. R. A. 176, 88 Am. St. R. 636), the Court of Appeals of New York said: "The argument of those courts which maintain that an injury to person and property creates but a single cause of action is that, as the defendant's wrongful act was single, the cause of action must be single, and that the different injuries occasioned by it are merely items of damage proceeding from the same wrong; while that of the English court is that the negligent act of the defendant in itself constitutes no cause of action and becomes an actionable wrong only out of the damage which it causes." This is a statement of the line of cleavage to which we referred above, and while the court in the Reilly case questioned the conclusiveness of either argument, and placed its ruling upon the "difference be-

tween the rules of law applicable to injuries of the person and those relating to injuries to property," especially on the questions of limitations, abatement and survival, and the assignability of claims, the court observed in the course of its opinion that "the history of the common law shows that the distinction between torts to the person and torts to the property has always obtained," and that, as pointed out in the Brunsden case, "there is no authority in the books for the proposition that a recovery for trespass to the person is a bar to an action for trespass to goods, or vice versa." The ruling in the Reilly case was that "A judgment for the plaintiff in an action for injury to his vehicle through negligent obstruction of a highway is no bar to another action for injury to his person arising out of the same accident." The Court of Errors and Appeals of New Jersey reached the same conclusion in Ochs *v.* Public Service Co., 81 N. J. L. 661 (80 Atl. 495, 36 L. R. A. (N. S.) 240, Ann. Cas. 1912D, 255). See the note in 50 L. R. A. 161, collecting cases on both sides of the question.

It is not without some doubt and hesitation that we differ with the learned judge of the court below upon the very abstruse question raised for decision. However, for the reasons stated above, we are constrained to the view that he erred in not striking the defendant's plea in bar. As above stated, one of the important considerations is whether in this State the cause of action must necessarily include the damage, or whether it is simply the antecedent act of negligence or breach of duty. If we have properly construed the law upon that point the matter would end there, although there are other principles, to which we have adverted, to be found in our laws which have contributed to persuade us to the conclusion stated.

It is perhaps true also that if the plaintiff had died without having brought suit for either injury, different rules of law would have been applicable on the question of abatement and survival of the respective claims; but since our conclusion is supported by other reasons which we deem sufficient, and since that question might prove no less difficult of solution than the main question, we omit it from consideration in this case.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*