## 21513. JONES *v.* SEABOARD AIR-LINE RAILWAY COMPANY.

Decided January 14, 1932.

*Porter & Mébane,* for plaintiff.

*Colquitt, Parker, Troutman & Arkwright, E. S. Ault,* for defendant.

Jenkins, P. J.  This was a suit for damages against the railway company on account of the death of the plaintiff's son, who was killed when an automobile in which he was riding, with another person driving the car, plunged into a railroad cut onto the tracks of the defendant company.  It was alleged that the defendant maintained a bridge over its track, forming part of a public highway, but that no guard-rails were on either side of the highway approaching the bridge, the guard-rails extending no further than the end of the bridge spanning the cut, and that there was nothing to warn travelers against the deep gorge.  While apparently the road approached the cut without an elevated embankment, it is alleged that the ground adjacent to and along the right side of the highway for a distance of about forty feet from the bridge was covered with gravel for a width of about twenty-five feet, and presented the same appearance as the highway itself; that the decedent and the driver of the automobile were unfamiliar with the bridge and the road, and that on approaching the bridge at night, and seeing the bridge in front of them crossing the gorge at the end of a curve, and in a slightly diagonal direction with reference to the tracks, they believed that the strip of land adjacent to the highway was a part of the highway and constituted the true approach to the bridge, and drove along such adjacent strip of ground up to the edge of the gorge, and did not discover their predicament in time to prevent the automobile from going over into the gorge.  Negligence is charged

against the defendant railway company in maintaining the bridge in such alleged dangerous condition, and in not maintaining guard-rails along the approach to the bridge on either side so as to prevent travelers from being led into misjudging what constituted the road leading up to the bridge spanning the cut, and in not maintaining guard-rails or other obstructions or signs paralleling the cut itself warning travelers of the danger of driving over the precipice on either side of the bridge. The court sustained a general demurrer to the petition.

1. Under the provisions of the Civil Code (1910), § 2673, it is the duty of railroad companies "to keep in good order, at their expense, the public roads or private ways established pursuant to law, where crossed by their several roads, and build suitable bridges and make proper excavations or embankments, according to the spirit of the road laws." It is also provided by the Civil Code (1910), § 2674, that "such crossings include the width of land on both sides of the road allowed by charter or appropriated by the company therefor, and for as many feet beyond, each way, as is necessary for a traveler to get on and off the crossing safely and conveniently." Under the allegations of the petition in the instant case, it was for the jury to say whether the approach to the bridge was such as might reasonably have led an ordinarily prudent traveler into misjudging what constituted the true roadway approaching the bridge, and whether the railway company was guilty of negligence as charged in not providing either guard-rails along the true approach, or in not providing obstructions or signs, such as would warn a traveler who had misjudged the true road, of the danger of driving over the precipice and into the cut. See, in this connection, *Georgia Railroad & Banking Co.* v. *Mayo,* 92 *Ga.* 223 (17 S. E. 1000) ; *Williamson* v. *Southern Railway Co.,* 42 *Ga. App.* 9 (155 S. E. 113).

2. Since it appears from the allegations of the petition that the highway along which the decedent was traveling was an established public road, and that the defendant railway company had been, for several years, maintaining the bridge in question, it is immaterial whether or not the public road may have been constructed subsequently to the location of the railroad-tracks in the cut which was crossed by the public road. See, in this connection, *Southern Railway Co.* v. *Combs,* 124 *Ga.* 1004 (53 S. E. 508) ; *Atlanta & West*

Point R. Co. v. City of Atlanta, 156 Ga. 251 (119 S. E. 712); Central Railroad & Banking Co. v. Robertson, 95 Ga. 430 (22 S. E. 551). Judgment reversed. Stephens and Bell, JJ., concur.