36049.   TIDWELL *v.* LOVEJOY.

DECIDED APRIL 5, 1956—REHEARING DENIED MAY 10, 1956 AND JUNE 12, 1956.

*H. T. O'Neal, Jr., George L. Jackson,* for plaintiff in error.
*Martin, Snow & Grant,* contra.

NICHOLS, J. 1. The defendant filed a motion to dismiss the plaintiff's bill of exceptions in which it was insisted that the plaintiff had failed to comply with Code § 70-305 as amended. The failure of the plaintiff to comply with the requirements of this Code section would not result in a dismissal of the bill of exceptions, but would only result in a refusal of this court to consider assignments of error requiring a reference to the brief of evidence. See *Buice* v. *State,* 92 *Ga. App.* 260 (88 S. E. 2d 322).

In the present case it appears that there has been a bona fide attempt to comply with this requirement. The majority of the record, of which the defendant complains, consists of medical testimony concerning the plaintiff's alleged injuries, and where as

here the plaintiff's injury was properly a question before the trial court it cannot be said that such testimony is irrelevant when the case is before this court for review. Therefore, the motion to dismiss must be overruled.

2. Special grounds 5 and 6 of the amended motion for new trial complain of the admission in evidence, over the plaintiff's objection, of testimony fixing the speed of the plaintiff's automobile at 85 to 95 miles per hour. Special ground five deals with the testimony of a witness *Moneyham*, while special ground six deals with the testimony of a witness *Studer*. The testimony of these witnesses was that they were traveling towards Macon at a speed of about 50 to 55 miles per hour when a Lincoln automobile, identified by them as the plaintiff's automobile, passed them at a speed of about 85 to 95 miles per hour, that ten or fifteen minutes later they arrived at the scene of the collision, that they neither saw nor heard the collision.

There was no evidence presented as to how far these witnesses were from the scene of the collision when the plaintiff passed them, how much time elapsed between the time the plaintiff's automobile passed them and the time the collision occurred, (only that they arrived at the scene of the collision 10 or 15 minutes later), nor was there any evidence as to the speed that these witnesses drove between the time the plaintiff's automobile passed them and the time they arrived at the scene.

Although it has been held in Georgia that the speed of an automobile one-half mile from the scene of a wreck is admissible (*Central of Ga. Ry. Co. v. Keating*, 177 *Ga.* 345, 352, 170 S. E. 493), and that the speed of a train a short distance from a scene where a tort is alleged to have occurred is admissible (*Reed v. Southern Ry. Co.*, 37 *Ga. App.* 550 (5), 140 S. E. 921), the evidence admitted on the trial of this case as to the speed of the plaintiff's automobile at an undetermined time before the collision and at an undetermined distance from the collision was inadmissible, and the trial court erred in admitting such irrelevant and necessarily prejudicial evidence over the proper objection of the plaintiff.

3. The grounds of the amended motion for new trial complaining of excerpts of the court's charge have been carefully examined, and when considered in the light of the entire charge were not error for any reason assigned.

4. The general grounds of the motion for new trial are not considered, inasmuch as the case may be tried again and the evidence on another trial may not be the same.

5. The trial court erred in denying the plaintiff's motion for new trial as amended.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*